SILLS v OAKLAND GENERAL HOSPITAL

Docket No. 185553. Submitted September 18, 1996, at Detroit. Decided
November 26, 1996, at 9:40 A M. Leave to appeal sought.

In March 1994, Muriel and Thomas Sills brought an action in the Oak-
land Circuit Court against Oakland General Hospital and Drs. How-
ard S. Glazer, Dennis Kelly, Simon Simonian, and Harold P. Finkel,
alleging medical malpractice arising as a result of necrosis of
Muriel Sills' right knee that allegedly resulted from her being
treated with steroids during her hospitalization in July 1987. The
defendants moved for summary disposition under MCR 2.116(C)
(7), claiming that the action was statutorily barred by MCL
600.5838a(2); MSA 27A.5838(1)(2). The court, Deborah G. Tyner, J.,
granted summary disposition for the defendants, holding that the
plaintiffs' action was not timely brought and that the defend-
ants' conduct was not fraudulent within the meaning of MCL
600.5838a(2)(a); MSA 27A.5838(1)(2)(a). The plaintiffs appealed.

The Court of Appeals *held*:

1. Because MCL 600.5838a(2); MSA 27A.5838(1)(2) is both a stat-
ute of limitation, requiring an injured person to bring suit within a
statutory period, and a statute of repose, preventing the bringing of
a suit if the injury arises more than six years after the act or omis-
sion that is the basis of the claim, the defendants were not obli-
gated to refer specifically to their defense as being one based on a
statute of repose. In any event, the plaintiffs' action was not timely
brought under either the statute of limitations provisions or statute
of repose provisions of MCL 600.5838a(2); MSA 27A.5838(1)(2).

2. MCL 600.5838a(2)(a); MSA 27A.5838(1)(2)(a) provides that
limitation periods of MCL 600.5838a(2); MSA 27A.5838(1)(2) do not
apply if discovery of the claim was prevented by the fraudulent
conduct of the health care professional or health facility against
whom the claim is made. In order to establish fraudulent conduct
within    the    meaning    of    MCL    600.5838a(2)(a);    MSA
27A.5838(1)(2)(a), a plaintiff must plead and prove that the defend-
ant committed an affirmative act or misrepresentation that was
designed to prevent subsequent discovery; mere silence is insuffi-
cient. The plaintiffs neither pleaded nor proved that the defendants
affirmatively acted or made misrepresentations to prevent the dis-

covery of the alleged malpractice. Neither the alleged failure of the defendants to explain the risks of the use of steroids at the time of the 1987 hospitalization and treatment nor the subsequent misdiagnosis by Dr. Glazer of Muriel Sills' condition is sufficient to establish that the defendants undertook an affirmative act to conceal the claim.

3. Plaintiffs have failed to show why the six-year statute of repose provision of MCL 600.5838a(2); MSA 27A.5838(1)(2) should not apply to their claim.

4. The six-year statute of repose provision of MCL 600.5838a(2); MSA 27A.5838(1)(2) does not violate the plaintiffs' due process or equal protection rights.

Affirmed.

1. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — STATUTES OF LIMITATION — STATUTES OF REPOSE — SUMMARY DISPOSITION — PLEADING.

A motion for summary disposition made pursuant to MCR 2.116(C)(7) on the basis that a plaintiff's action is statutorily barred by reason of the provisions of MCL 600.5838a(2); MSA 27A.5838(1)(2) need not designate whether the motion is based on the statute of limitations provisions of that statute or on the statute of repose provisions of that statute.

2. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — FRAUDULENT CONDUCT.

A plaintiff claiming that a medical malpractice claim should not be subject to the relevant period of limitation or period of repose on the basis of fraudulent conduct on the part of a defendant health care professional or health facility must plead and prove that the defendant committed an affirmative act or misrepresentation that was designed to prevent discovery by the plaintiff of the claim; mere silence is insufficient (MCL 600.5838a[2][a]; MSA 27A.5838[1] [2][a]).

3. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — STATUTES OF REPOSE — CONSTITUTIONAL LAW — DUE PROCESS — EQUAL PROTECTION.

The six-year statute of repose relative to medical malpractice claims does not violate a plaintiff's constitutional rights of due process or equal protection of the law (MCL 600.5838a[2][a]; MSA 27A.5838[1] [2][a]).

*Alspector, Sosin, Mittenthal & Barson, P.C.* (by *Robert M. Sosin* and *Gabriel R. Locher*), for the plaintiffs.

*Kitch, Drutchas, Wagner & Kenney, P.C.* (by *Linda M. Garbarino* and *Robert A. Fehniger*), for Oakland General Hospital and Dennis Kelly, D.O.

*Feikens, Vander Male, Stevens, Bellamy & Gilchrist, P.C.* (by *L. Neal Kennedy* and *Michael P. Citrin*), for Howard S. Glazer, D.O.

*Hill Lewis* (by *David M. Lawson*), for Simon Simonian, D.O.

*Schwartz & Jalkanen, P.C.* (by *Karl E. Hannum* and *Deborah Laura Rhodes*), for Howard P. Finkel, D.O.

Before: SAAD, P.J., and CORRIGAN and R. A. BENSON,* JJ.

CORRIGAN, J. In this medical malpractice action, plaintiffs appeal by right the order granting summary disposition to defendants under MCR 2.116(C)(7) because plaintiffs' complaint was untimely under MCL 600.5838a(2); MSA 27A.5838(1)(2). We affirm.

### I. UNDERLYING FACTS

In 1987, forty-one-year-old plaintiff Muriel Sills, who had a twenty-year history of back trauma and back surgeries, complained of back pain and difficulty walking. Defendant Dr. Howard Glazer admitted plaintiff[1] to defendant Oakland General Hospital on July 16, 1987. That same day, defendant Dr. Dennis Kelly evaluated plaintiff and ordered the administration of Solu-Medrol, a steroid. One potential side

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Because plaintiff Thomas Sills' claims are derivative, "plaintiff" will refer to Muriel Sills only for clarity in this opinion.

effect of the use of steroids is necrosis.[2] From July 16 through July 28, plaintiff received varying doses of the steroid.[3] During this time, defendants Dr. Simon Simonian and Dr. Harold Finkel each provided a consultation. On July 30, 1987, plaintiff discharged herself from Oakland General Hospital because she was dissatisfied with her progress. She continued to see defendant Glazer.

In 1991, plaintiff complained to Glazer of pain and swelling in her legs and knees. In May, 1993, Glazer ordered an x-ray of plaintiff's right knee. Glazer told plaintiff that in his opinion she had arthritis. In October 1993, Kelly ordered a Magnetic Resonance Imaging (MRI) of plaintiff's right knee. The MRI revealed osteonecrosis (a change in bone and cartilage), which can be caused by steroid use. Doctors eventually replaced plaintiff's right knee.

In her March 1994 suit, plaintiff alleged in part that in 1987 defendants failed to provide the proper diagnosis, improperly ordered extremely high doses of steroids, and neglected to warn her of the risks of steroids. The circuit court granted summary disposition for defendants, ruling that plaintiff's action was untimely under the statute of limitation, MCL 600.5838a(2); MSA 27A.5838(1)(2). The court also ruled that defendants' conduct did not meet the

---

[2] Necrosis is defined as "death of a circumscribed portion of animal or plant tissue." *Random House Webster's College Dictionary* (1995), p 904.

[3] The initial dose of Solu-Medrol was one hundred milligrams every eight hours. On July 18, 1987, Glazer ordered that the dose be decreased in frequency to every twelve hours. On July 20, 1987, Glazer ordered that the dose be reduced to fifty milligrams. On July 23, Glazer increased plaintiff's steroid dosage to one hundred milligrams every twelve hours. On July 27, Glazer reduced the dose to seventy milligrams every twelve hours. On July 28, Glazer again decreased the dose to forty milligrams every twelve hours.

fraudulent conduct standard under MCL 600.5838a(2)
(a); MSA 27A.5838(1)(2)(a). Plaintiff appeals.

### II. ANALYSIS

Plaintiff first argues that defendants did not assert
as an affirmative defense the statute of repose upon
which they rely on appeal. Plaintiff contends that,
because the Legislature has recognized a distinction
between a statute of limitation and a statute of
repose, defendants should have referenced the statute
as one of repose rather than limitation.

Defendants moved for summary disposition under
MCR 2.116(C)(7); such a motion asserts that the
cause of action is statutorily barred. *Witherspoon v
Guilford*, 203 Mich App 240, 243; 511 NW2d 720
(1994). When reviewing a motion under MCR
2.117(C)(7), this Court must accept the plaintiff's
well-pleaded allegations as true and construe them in
the plaintiff's favor. If the facts are not in dispute,
whether the statute bars the claim is a question of
law for the court. *Witherspoon, supra* at 243. We
review questions of law under the de novo standard.
*Rapistan Corp v Michaels*, 203 Mich App 301, 306;
511 NW2d 918 (1994).

MCL 600.5838a(2); MSA 27A.5838(1)(2) provides in
part:

> Except as otherwise provided in this subsection, an
> action involving a claim based on medical malpractice may
> be commenced at any time within the applicable period pre-
> scribed in section 5805 or sections 5851 to 5856, or within 6
> months after the plaintiff discovers or should have discov-
> ered the existence of the claim, whichever is later. How-
> ever, except as otherwise provided in section 5851(7) or
> (8), the claim shall not be commenced later than 6 years
> after the date of the act or omission that is the basis for the

claim. The burden of proving that the plaintiff, as a result of physical discomfort, appearance, condition, or otherwise, neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim is on the plaintiff. A medical malpractice action that is not commenced within the time prescribed by this subsection is barred.

Plaintiff contends that MCL 600.5838a(2); MSA 27A.5838(1)(2) is a statute of repose, not limitation. A statute of repose prevents a cause of action from ever accruing when the injury is sustained after the designated statutory period has elapsed. *O'Brien v Hazelet & Erdal*, 410 Mich 1, 15; 299 NW2d 336 (1980). A statute of limitation, however, prescribes the time limits in which a party may bring an action that has already accrued. *Id.*; *Smith v Quality Const Co*, 200 Mich App 297, 300-301; 503 NW2d 753 (1993). Here, MCL 600.5838a(2); MSA 27A.5838(1)(2) serves both functions: it prescribes the time limit in which a plaintiff who is injured within the statutory period must bring suit and also prevents a plaintiff from bringing suit if she sustained an injury outside the statutory period. Because the statute is both a statute of limitations and a statute of repose, defendants were not obliged to refer specifically to their defense as a statute of repose.

Moreover, plaintiff claims that her injury occurred in 1987, when defendants treated her with steroids during her hospitalization. MCL 600.5838a(2); MSA 27A.5838(1)(2) bars her cause of action because plaintiff brought suit outside the statutory period after sustaining injury. MCL 600.5838a(2); MSA 27A.5838(1)(2) thus acted as a statute of limitation in this case. Defendants raised the statute of limitation

as an affirmative defense. Plaintiff's argument that defendants did not refer to MCL 600.5838a(2); MSA 27A.5838(1)(2) as a statute of repose is thus immaterial here. Likewise, plaintiff's claim that defendants did not give her sufficient notice of their statutory defense is without merit. Defendants properly asserted the statute as an affirmative defense. MCR 2.111(F)(3)(a).

Plaintiff next attacks the circuit court's finding that defendants did not engage in fraudulent conduct. Plaintiff asserts that defendants prevented her from discovering the existence of her claim by failing to inform her of the risk of steroids. Plaintiff adds that Glazer misrepresented her condition by diagnosing arthritis rather than necrosis.

MCL 600.5838a(2)(a); MSA 27A.5838(1)(2)(a) provides that the limitation period does not apply "[i]f discovery of the existence of the claim was prevented by the fraudulent conduct of the health care professional against whom the claim is made . . . or of the health facility against whom the claim is made . . . ." Thus, if plaintiff demonstrates that defendants displayed fraudulent conduct, her claim survives the statutory limitation period.

This Court has not yet interpreted "fraudulent conduct" as it is used in MCL 600.5838a(2)(a); MSA 27A.5838(1)(2). To define fraudulent conduct, we look to cases involving the limitation period and fraudulent concealment under MCL 600.5855; MSA 27A.5855.[4] Courts consider together statutes that have the same

---

[4] For cases considering acts that constitute fraudulent concealment in the context of medical malpractice, see, e.g., *Eschenbacher v Hier*, 363 Mich 676, 681; 110 NW2d 731 (1961); *Walerych v Isaac*, 63 Mich App 478, 481; 234 NW2d 573 (1975).

general purpose when ascertaining the intent of the Legislature. *In re Miller Estate*, 359 Mich 167, 172; 101 NW2d 381 (1960). Additionally, statutes that affect similar policies should be interpreted in a like manner. *Swantek v Automobile Club of Michigan Ins Group*, 118 Mich App 807, 810; 325 NW2d 588 (1982).

Under MCL 600.5855; MSA 27A.5855, the statute of limitation is tolled when a party conceals the fact that the plaintiff has a cause of action. *Smith v Sinai Hosp of Detroit*, 152 Mich App 716, 727; 394 NW2d 82 (1986). The plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment. *In re Farris Estate*, 160 Mich App 14, 18; 408 NW2d 92 (1987). The plaintiff must prove that the defendant committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery. Mere silence is insufficient. *Buszek v Harper Hosp*, 116 Mich App 650, 654; 323 NW2d 330 (1982).

In her complaint, plaintiff did not claim that defendants affirmatively acted or made misrepresentations to prevent her from discovering the alleged malpractice. Although plaintiff claimed that defendants failed to inform her of the risks of steroids, that allegation was part of her general claim of malpractice, not a claim of fraud. While Glazer may have misdiagnosed plaintiff's condition, plaintiff did not show that he acted fraudulently to conceal her potential cause of action. A misdiagnosis is not an affirmative act to conceal a claim. Plaintiff has not sufficiently asserted that defendants committed fraudulent conduct so as to toll the statute of limitation.

Plaintiff next asserts that she did not discover, nor should she have discovered, the existence of her

claim at least six months before the limitation period expired. Plaintiff contends that the six-year limitation for discovery of her malpractice claim thus should not apply. MCL 600.5838a(2); MSA 27A.5838(1)(2) provides in part that the action must be commenced within six months after the plaintiff discovers or should have discovered the existence of the claim but no later than six years after the date of the act or omission that is the basis for the claim. Our Supreme Court has noted that the above statute sets a limit for discovery of a medical malpractice claim at six years from the date of the act or omission that is the basis of the claim. *Chase v Sabin*, 445 Mich 190, 201-202, n 16; 516 NW2d 60 (1994). Plaintiff has not met her burden of showing why the six-year limitation should not apply.

Finally, plaintiff contends that the statute violates her due process and equal protection rights. We review the constitutionality of a statute, which is a question of law, under the de novo standard. *Monroe Beverage Co, Inc v Stroh Brewery Co*, 211 Mich App 286, 295; 535 NW2d 253 (1995); *In re Lafayette Towers*, 200 Mich App 269, 273; 503 NW2d 740 (1993).

In *O'Brien, supra,* our Supreme Court addressed whether a six-year period of limitation, MCL 600.5839; MSA 27A.5839, violated the plaintiff's due process and equal protection rights. Although the statute in that case applied to actions against architects, engineers, contractors, and land surveyors, the Court's analysis equally is applicable. Under *O'Brien,* to determine whether a statute violates due process, we ask whether it bears a reasonable relation to a permissible legislative objective. *O'Brien, supra* at 13.

Statutes of limitation are designed to encourage the rapid recovery of damages, to penalize plaintiffs who have not been assiduous in pursuing their claims, to afford security against stale demands when the circumstances would be unfavorable to a just examination and decision, to relieve defendants of the prolonged threat of litigation, to prevent plaintiffs from asserting fraudulent claims, and to remedy the general inconvenience resulting from delay in asserting a legal right that is practicable to assert. *Lemmerman v Fealk*, 449 Mich 56, 65; 534 NW2d 695 (1995). Because the statute at issue bears a reasonable relationship to the noted legislative purposes, it does not violate plaintiff's right to due process.

The Legislature has the power to determine that a particular cause of action cannot arise unless it accrues within a specified period. *O'Brien, supra* at 15. Courts should uphold statutes of limitation unless the consequences are so harsh and unreasonable that they effectively divest a plaintiff of the court access intended by the grant of the substantive right. *Bissell v Kommareddi*, 202 Mich App 578, 581; 509 NW2d 542 (1993). The statute here is not so harsh and unreasonable that it effectively denies a plaintiff access to the courts.

Likewise, to decide whether a statute violates equal protection, courts must determine whether the classification is rationally related to a legitimate governmental interest. *O'Brien, supra* at 13. In *Bissell, supra*, this Court addressed equal protection in the context of MCL 600.5851(7); MSA 27A.5851(7), which provides in part that a medical malpractice claim that accrues to a person older than thirteen is subject to the limitation period in MCL 600.5838a(2); MSA

27A.5838(1)(2). This Court held that the state unquestionably has a legitimate interest in securing adequate and affordable healthcare for its residents. Additionally, this Court stated that it could reasonably assume that a decrease in exposure to malpractice claims would encourage healthcare providers to remain in this state. *Bissell, supra* at 579-581. Likewise, in this case, Michigan has a legitimate interest in supporting affordable and adequate healthcare for its residents. Setting an upper limit for the period within which a plaintiff may bring medical malpractice decreases doctors' exposure to malpractice claims. The classification is rationally related to those interests.

Affirmed.