# STATE OF MICHIGAN

# COURT OF APPEALS

SARON E. MARQUARDT, Personal
Representative for the Estate of SANDRA
MARQUARDT,

UNPUBLISHED
March 26, 2015

     Plaintiff-Appellant,

v

No. 319615
Washtenaw Circuit Court
LC No. 12-000621-NH

VELLAIAH DURAI UMASHANKAR, MD,

     Defendant-Appellee,

and

JONATHAN HAFT,

     Defendant.

Before: WILDER, P.J., AND SERVITTO, AND STEPHENS, JJ.

PER CURIAM.

In this medical malpractice action, plaintiff appeals as of right from an order of the trial court granting summary disposition in favor of defendant Vellaiah Durai Umashankar, M.D., on the ground that plaintiff's claim is barred by the statute of limitations. We affirm.

On July 20, 2007, the decedent, Sandra Marquardt, underwent mitral valve replacement surgery at the University of Michigan Hospital. Plaintiff claims that during the surgery, the deceased was negligently administered the drug Trasylol. On July 20, 2009, a notice of intent (NOI) to file a medical malpractice claim pursuant to MCL 600.2912b was sent. The NOI was addressed to the risk manager of the University of Michigan Health System. In the body of the NOI, plaintiff expressly stated that decedent "Marquardt intends to file suit against Jonathan Haft, M.D., Umashankar Vellaiah, M.D., Ranjiv Saran, M.D., and the University of Michigan Health System, Inc." In January 2010, the decedent filed suit against the University of Michigan Board of Regents, but did not name defendant Umashankar as a defendant. The decedent died on January 27, 2010, allegedly as a result of complications resulting from the administration of the Trasylol. Plaintiff was appointed personal representative of the estate, which was substituted as plaintiff.

Defendant moved for summary disposition on the grounds that plaintiff failed to file her cause of action within the statute of limitations and that she failed to satisfy the notice provision of MCL 600.6431(3). The trial court granted summary disposition in favor of defendant on the ground that plaintiff failed to satisfy the notice provision in MCL 600.6431(3). [*In re Estate of Marquardt*, unpublished opinion per curiam of the Court of Appeals, issued November 27, 2012 (Docket No 307917), pp 1-2.]

This Court affirmed the Court of Claims' dismissal of that claim because plaintiff failed to comply with the notice provision of MCL 600.6431(3). *Id.*, unpub op at 2-3.

Plaintiff served defendant Umashankar with a new NOI on September 2, 2011, and filed suit against him on June 7, 2012.[1] Defendant Umashankar moved for summary disposition, which the trial court granted on the ground that plaintiff's claim against Umashankar was barred by the statute of limitations. On appeal, plaintiff challenges the dismissal, arguing that the statute of limitations tolling provision extended the time period in which she could file suit until January 18, 2010, and that the wrongful-death savings provision in MCL 600.5852 saved the claim until June 14, 2012, because the decedent died within 30 days of the January 18, 2010 expiration of the statute of limitations.

The circuit court's grant of summary disposition is reviewed de novo. *Hinkle v Wayne Co Clerk*, 467 Mich 337, 340; 654 NW2d 315 (2002). Summary disposition is properly granted under MCR 2.116(C)(7) when the plaintiff's complaint is barred by the applicable statute of limitations. *Sills v Oakland Gen Hosp*, 220 Mich App 303, 307; 559 NW2d 348 (1996). "In reviewing a motion under MCR 2.116(C)(7), this Court accepts as true the plaintiff's well-pleaded allegations, construing them in the plaintiff's favor." *Hanley v Mazda Motor Corp*, 239 Mich App 596, 600; 609 NW2d 203 (2000). "If the facts are not in dispute, whether the statute bars the claim is a question of law for the court." *Sills*, 220 Mich App at 307.

Absent tolling, the statute of limitations for medical malpractice is two years. MCL 600.5805(6). Accordingly, because plaintiff's claim accrued on July 20, 2007,[2] the limitations period was set to expire on July 20, 2009. The statute of limitations, however, could be tolled for

---

[1] Jonathan Haft, M.D., was also named as a defendant. The trial court granted summary disposition as to Haft, concluding that the affidavit of merit submitted was nonconforming and that there was no time remaining in the limitations period within which plaintiff could refile against him.

[2] MCL 600.5838a(1) provides in pertinent part:

For purposes of this act, a claim based on the medical malpractice of a person or entity who is or who holds himself or herself out to be a licensed health care professional . . . accrues at the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.

up to 182 days pursuant to MCL 600.2912b(1), which requires a plaintiff to provide a NOI to file a medical malpractice action and then wait up to 182 days before filing suit. See MCL 600.5856. Here, plaintiff filed the initial NOI on July 20, 2009, the last day in the two-year limitations period. However, MCR 1.108(1) provides:

> (1) *The day of the act, event, or default after which the designated period of time begins to run is not included.* The last day of the period is included unless it is a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order; in that event the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order. [Emphasis added.]

Thus, the 182 tolling period did not start until July 21, 2009, which was one day *after* the limitations period had expired. Moreover, the decedent's death on January 27, 2010, was not within the time limits provided in the wrongful-death savings provision in MCL 600.5852

MCL 600.5852(1) provides:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action that survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run.

Again, the two year limitations period expired on July 20, 2009. Thus, the decedent's death on January 27, 2010, did not occur before the period of limitations had run or within 30 days after that date.

The parties also dispute whether the July 20, 2009, NOI did or would have tolled the statute of limitations with respect to defendant Umashankar at all, regardless of the timeliness. MCL 600.2912b provides in pertinent part as follows:

> (1) Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

> (2) The notice of intent to file a claim required under subsection (1) shall be mailed to the last known professional business address or residential address of the health professional or health facility who is the subject of the claim. Proof of the mailing constitutes prima facie evidence of compliance with this section. If no last known professional business or residential address can reasonably be ascertained, notice may be mailed to the health facility where the care that is the basis for the claim was rendered.

Subsection (1) makes it clear that a plaintiff cannot commence an action unless he or she first gives the party against whom relief is sought (the health professional or health facility)

written notice. Subsection (2) makes it clear that the plaintiff can mail the NOI to either the last known professional business address or residential address of the responding party. The parallel construction of the two provisions makes it clear that the written notice in subsection (1) must be sent to subject party of the notice. That is, if the responding party is a health professional, the NOI must be sent to the professional business or residential address of that professional. If neither address "can reasonably be ascertained," then the NOI can be sent to the healthcare facility where the care rendered by that professional was rendered. However, in order to effectuate the required notice, the NOI must be directed to or addressed to the defendant professional to whom the NOI is intended to provide notice.

The July 20, 2009, NOI was addressed and mailed to the risk manager for University of Michigan Health System. Though the body of the NOI indicated the decedent's intent to file suit against Umashankar, "a medical malpractice plaintiff must provide *every* defendant a timely NOI in order to toll the limitations period applicable to the recipient of the NOI . . . ." *Driver v Naini*, 490 Mich 239, 251; 802 NW2d 311 (2011). Our Supreme Court explicitly stated that it has interpreted MCL 600.2912b:

> as containing a dual requirement: A plaintiff must (1) submit an NOI to *every* health professional or health facility before filing a complaint and (2) wait the applicable notice waiting period with respect to each defendant before he or she can commence an action. [*Driver,* 490 Mich at 255](emphasis in original).

Accordingly, the NOI did not toll the statute of limitations with regard to defendant Umashankar because it was not directed or addressed to him.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens

-4-