Filed 3/24/16  The Marley-Wylain Co. v. Superior Court CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE MARLEY-WYLAIN COMPANY, | B267711 |
| Petitioner, | (L.A.S.C. No. BC571451) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | OPINION AND ORDER GRANTING PEREMPTORY WRIT OF MANDATE |
| Respondent; | |
| ROBERT SWANSON, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING; petition for writ of mandate.  Joseph R. Kalin, Judge. (Retired judge of the L.A. Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Petition granted.

Kirkland & Ellis, Richard C. Godfrey, Scott W. Fowkes, Kristopher S. Ritter, Shaun Paisley, Jonathan J. Faria; Segal McCambridge Singer & Mahoney, Cameron D. Turner, Jason Eckerly; Law Offices of Glaspy & Glaspy, David M. Glaspy and Gary F. Lundry for Petitioner.

No appearance for Respondent.

Waters Kraus & Paul and Michael B. Gurien for Real Party in Interest.

Michigan law, and not California law, applies where plaintiff Robert Swanson's claims against The Marley-Wylain Company (Marley-Wylain) arose in Michigan, where Swanson resided and where he was exposed to asbestos.[1]  Accordingly, we direct the superior court to reverse its order denying the motion of The Marley-Wylain Company (Marley-Wylain)[2] to apply Michigan law to Swanson's claims and to grant the motion on Swanson's claims against Marley-Wylain only.

**FACTS**

As a plumber and pipe fitter working for Thomas Heating & Plumbing and living in Michigan from 1969 through 1976, Swanson cleaned and installed boilers manufactured by Delaware corporation Marley-Wylain.[3]  Swanson moved to California in 1979, where he continued to be exposed to asbestos in his work as a pipe fitter, but he had no contact with Marley-Wylain products once he left Michigan.  As a California resident suffering from mesothelioma, Swanson sued Marley-Wylain, as well as other entities, many of which do business in California, for damages arising from his exposure to asbestos.  He sets forth causes of action for strict liability, negligence, false representations, intentional tort/intentional failure to warn, and premises owner/contractor liability.

Respondent court denied Marley-Wylain's motion to apply Michigan law.

---

[1]    Swanson's counsel notified this court in writing that Swanson had passed away and that a motion to substitute parties would be made "in the near future."  We issue this opinion at this time to facilitate litigation in the superior court.

[2]    In 1960, Weil-McLain Company was incorporated in Indiana and, in 1972, was merged into Weil-McLain Company, Inc., incorporated in Delaware.  After several additional iterations, Weil-McLain became a division of The Marley-Wylain Company, a wholly-owned subsidiary of The Marley Company LLC.

[3]    Below, the parties set forth the facts as to when and where Swanson was exposed to asbestos.

2

We agree with Marley-Wylain that under the governmental interest analysis of this choice of law issue, Michigan law applies.[4] (*Kearney v. Salomon Smith Barney, Inc.* (2006) 39 Cal.4th 95, 100; *Offshore Rental Co. v. Continental Oil Co.* (1978) 22 Cal.3d 157, 161.)

In *McCann v. Foster Wheeler LLC* (2010) 48 Cal.4th 68 (*McCann*), our Supreme Court enunciated the rule that the choice of law analysis, which we must follow in these proceedings (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 456), consists of three steps. "'"First, the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different. Second, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists. Third, if the court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law "to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state" [citation], and then ultimately applies "the law of the state whose interest would be the more impaired if its law were not applied."'" (*McCann*, at pp. 87–88.) We conduct the analysis below.

**Step One: Determine Whether the Laws of the Jurisdictions Differ**

The laws applicable to this case differ in California and Michigan. California subjects manufacturers and distributors to strict products liability. (*O'Neil v. Crane Co.* (2012) 53 Cal.4th 335, 347; *Anderson v. Owens-Corning Fiberglas Corp.* (1991) 53 Cal.3d 987, 995.) Michigan does not. (Mich. Comp. Laws Ann. § 600.2947.) California

---

**4**     Because there are no disputed issues of fact, our review of this choice of law issue is de novo. (*Brown v. Grimes* (2011) 192 Cal.App.4th 265, 274.)

does not have a statute of repose. Michigan has a six-year statute of repose[5] for ordinary negligence and ten years for gross negligence. (Mich. Comp. Laws Ann. § 600.5839.) In products liability cases, California has no cap on noneconomic damages. Michigan law limits the recovery of noneconomic damages in product liability cases. (Mich. Comp. Laws Ann. § 600.2946a.)[6] In personal injury actions, California apportions noneconomic damages severally (Civ. Code, § 1431.2), but apportions economic damages jointly and severally (Civ. Code, § 1431; *DaFonte v. Up-Right, Inc.* (1992) 2 Cal.4th 593, 595–596; *Romine v. Johnson Controls, Inc.* (2014) 224 Cal.App.4th 990, 1011). Michigan does not employ joint and several liability. Instead, "the liability of each defendant for damages is several only and is not joint." (Mich. Comp. Laws Ann. § 600.2956.) California allows punitive damages. (Civ. Code, § 3294; *Izell v. Union Carbide Corp.* (2014) 231 Cal.App.4th 962, 982.) Michigan does not.[7] (*Casey v. Auto Owners Ins. Co.* (Mich.Ct.App. 2006) 273 Mich.App. 388, 400.)

---

[5]  "A statute of repose prevents a cause of action from ever accruing when the injury is sustained after the designated statutory period has elapsed. [Citation.] A statute of limitation, however, prescribes the time limits in which a party may bring an action that has already accrued." (*Sills v. Oakland Gen. Hosp.* (Mich.Ct.App. 1996) 220 Mich.App. 303, 308 [559 N.W.2d 348].)

[6]  That statute provides in pertinent part: "In an action for product liability, the total amount of damages for noneconomic loss shall not exceed $280,000.00, unless the defect in the product caused either the person's death or permanent loss of a vital bodily function, in which case the total amount of damages for noneconomic loss shall not exceed $500,000.00." (Mich. Comp. Laws Ann. § 600.2946a, subsec. (1).)

[7]  Michigan permits *exemplary* damages where the plaintiff proves that the defendant's actions were "malicious or so willful and wanton as to demonstrate a reckless disregard of plaintiff's rights." (*Veselenak v. Smith* (1982) 414 Mich. 567, 574–575 [327 N.W.2d 261].) Yet, where "compensatory damages can make the injured party whole," Michigan does not allow the imposition of exemplary damages. (*Hayes–Albion v. Kuberski* (1984) 421 Mich. 170, 187 [364 N.W.2d 609].)

**Step Two:  Jurisdictional Interest in Applying Each State's Law**

The laws of California and Michigan, as they apply to Swanson's complaint, are in conflict.  Swanson's claim may be time barred under Michigan's statute of repose (Mich. Comp. Laws Ann. § 600.5839), but not under California's statute of limitations for a claim based on asbestos exposure, which begins to run from the first suffering of disability or the date of discovery.[8]  (Code Civ. Proc., § 340.2.)

Swanson's burden is heavier under Michigan law, which does not recognize strict products liability.  (Mich. Comp. Laws Ann. § 600.2947.)  No proof of negligence is required in a strict products liability action in California.  (See, e.g., *Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 479; *Peterson v. Superior Court* (1995) 10 Cal.4th 1185, 1188; *Taylor v. Elliott Turbomachinery Co. Inc.* (2009) 171 Cal.App.4th 564, 575.)  Swanson's recovery might be less under Michigan law, as Michigan caps noneconomic damages.  (Mich. Comp. Laws Ann. § 600.2946a.)  Under California law, a jury could impose punitive or exemplary damages well above compensatory damages.  (*Bullock v. Philip Morris USA, Inc.* (2011) 198 Cal.App.4th 543, 559.)  A Michigan court does not allow exemplary damages where the plaintiff is made whole with compensatory damages.  (*Hayes–Albion v. Kuberski*, *supra*, 421 Mich. at p. 187 [364 N.W.2d 609].)  Finally, if he is successful, Swanson might face more hurdles in attempting to collect on a judgment under Michigan law as he would have to proceed against each defendant, individually.  (Mich. Comp. Laws Ann. § 600.2956.)  In contrast, California defendants are jointly and

---

[8]    There is no conflict as to the two states' statutes of limitations.  Michigan's statute of limitations for personal injuries, just like California's, allows for discovery tolling; the Michigan Supreme Court has expressly held that:  "1) the cause of action for asbestosis accrues in accordance with the 'discovery rule,' i.e., from the time the claimant knows or should have known of the disease, rather than at the time of the exposure to asbestos or at the time of diagnosable injury; and 2) if a claimant chose not to bring an action for asbestosis, a later action to recover for cancer accrues at the time the claimant knows or should have known of the cancer."  (*Larson v. Johns-Manville Sales Corp.* (1986) 427 Mich. 301, 304–305 [399 N.W.2d 1]; accord, *Henry v. Dow Chemical Co.* (2005) 473 Mich. 63, 72–73 [701 N.W.2d 684, 688–689].)

severally liable for economic damages.  (*Bostick v. Flex Equipment Co., Inc.* (2007) 147 Cal.App.4th 80, 89–90.)

### Step Three:  Each Jurisdiction's Interest in Applying Its Own Law

In the third step of the governmental interest analysis, we must "'carefully evaluate[] and compare[] the nature and strength of the interest of each jurisdiction in the application of its own law "to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state."'"  (*McCann*, *supra*, 48 Cal.4th at p. 88.)

Michigan is the state where the asbestos exposure occurred, so its interest would be more impaired than California's interest.

In *McCann*, our Supreme Court determined that Oklahoma's interests would be more impaired than California's where the plaintiff, who was a resident of Oklahoma at the time, was exposed to asbestos in Oklahoma.  Our Supreme Court explained that "a jurisdiction ordinarily has 'the predominant interest' in regulating conduct that occurs within its borders [citations], and in being able to assure individuals and commercial entities operating within its territory that applicable limitations on liability set forth in the jurisdiction's law will be available to those individuals and businesses in the event they are faced with litigation in the future."  (*McCann*, *supra*, 48 Cal.4th at pp. 97–98.)  It pointed out that "the subordination of Oklahoma's interest in the application of its law would rest solely upon the circumstance that *after* defendant engaged in the allegedly tortious conduct in Oklahoma, plaintiff happened to move to a jurisdiction whose law provides more favorable treatment to plaintiff than that available under Oklahoma law. [¶]  Although here it is clear that plaintiff's move to California was not motivated by a desire to take advantage of the opportunities afforded by California law and cannot reasonably be characterized as an instance of forum shopping [citation], the displacement of Oklahoma law limiting liability for conduct engaged in within Oklahoma, in favor of the law of a jurisdiction to which a plaintiff subsequently moved, would— notwithstanding the innocent motivation of the move—nonetheless significantly impair the interest of Oklahoma served by the statute of repose.  If Oklahoma's statute were not

6

to be applied because plaintiff had moved to a state with a different and less 'business-friendly' law, Oklahoma could not provide any reasonable assurance—either to out-of-state companies or to Oklahoma businesses—that the time limitation embodied in its statute would operate to protect such businesses in the future." (*McCann*, *supra*, 48 Cal.4th at p. 98.)

Our Supreme Court acknowledged California's interest, but determined that such interest would be less impaired than Oklahoma's: "[I]f the law of this state is not applied here, California will not be able to extend its liberal statute of limitations for asbestos-related injuries or illnesses to some potential plaintiffs whose exposure to asbestos occurred wholly outside of California. Nonetheless, our past choice-of-law decisions teach that California's interest in applying its laws providing a remedy to, or facilitating recovery by, a potential plaintiff in a case in which the defendant's allegedly tortious conduct occurred in another state is less than its interest when the defendant's conduct occurred in California." (*McCann*, *supra*, 48 Cal.4th at p. 99.)

Similarly, in the case at bar, Michigan has an interest in ensuring that its state welcomes outside businesses and commercial ventures, protecting them under Michigan law. California's interest in protecting its citizens is less impaired; California happens to be the state to which Swanson moved and not the state where the exposure at issue occurred. (See *McCann*, *supra*, 48 Cal.4th at pp. 97–98.)

## CONCLUSION AND ORDER

We conclude that under the government interest standard: The laws of California and Michigan applicable to the case at bar differ; the laws applicable to the case at bar are in conflict; and Michigan's interest would be more impaired than California's. Accordingly, we direct the superior court to reverse its order denying the motion and to grant the motion to apply Michigan law to Swanson's claims.

As there is not a plain, speedy and adequate remedy at law, and in view of the fact that the issuance of an alternative writ would add nothing to the presentation already made, we deem this to be a proper case for the issuance of a peremptory writ of mandate

7

"in the first instance." (Code Civ. Proc., § 1088; *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1237–1238.)

## DISPOSITION

THEREFORE, let a peremptory writ issue, commanding respondent superior court to vacate its order of September 25, 2015, denying petitioner's motion to apply Michigan law to the plaintiff's claim, and to issue a new and different order granting same, in Los Angeles Superior Court case No. BC571451, entitled *Robert Swanson v. A.O. Smith Water Products Company et al.*

In all other respects, the petition is denied. The temporary stay order is hereby terminated.

All parties shall bear their own costs.

NOT TO BE PUBLISHED.


THE COURT:



_____  _____  _____
     ROTHSCHILD, P. J.              CHANEY, J.                  LUI, J.