# STATE OF MICHIGAN

# COURT OF APPEALS

BRUCE PESOLA and CHRISTINE PESOLA,

       Plaintiffs-Appellants,

v

JAMES R. GOLDEN and ANN L. GOLDEN,
Individually and as Trustees of the GOLDEN
FAMILY LIVING TRUST,

       Defendants-Appellees,

and

DAVID T. ZORZA and MINDY S. ZORZA,

       Defendants/Cross-Defendants-
       Appellees,

and

RANGE BANK,

       Defendant/Cross-Plaintiff-Appellee.

UNPUBLISHED
October 13, 2016

No. 327185
Marquette Circuit Court
LC No. 14-052849-CH

Before: MARKEY, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

      In this action sounding in misrepresentation and breach of contract, plaintiffs appeal as of right the trial court's order granting summary disposition in favor of defendants under MCR 2.116(C)(7). The trial court concluded that the action was time-barred and not subject to the two-year discovery rule under the fraudulent-concealment statute, MCL 600.5855, which provides for tolling of a statute of limitations. We affirm.

      The gist of plaintiffs' lawsuit is that defendants James and Ann Golden allegedly failed to notify plaintiffs of the terms and conditions of an offer made to the Goldens for the purchase of their real property that housed an ice cream shop, as required by an easement agreement executed years earlier that provided for a right of first option to purchase property. At the time of the offer, the Goldens communicated to plaintiffs, by way of correspondence from counsel

-1-

and a copy of a purchase agreement, that the property was being sold for $485,000, but the communications did not specifically reveal that said price included $274,000 in inventory, goodwill, and a non-compete agreement, with the remaining $211,000 reflecting the offer for the real property alone. Plaintiffs claim that the Goldens were obligated to inform them of the $211,000 offer for the real property, that the communications from the Goldens suggested that $485,000 was the offer for the real property, and that plaintiffs would have exercised their right of first option to purchase the real property had they known that the offer was only $211,000.

There is no dispute that plaintiffs failed to file suit within the six-year period of limitations applicable to an action for breach of contract, MCL 600.5807(8), and misrepresentation, MCL 600.5813. Instead, plaintiffs relied on MCL 600.5855, which provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

To establish fraudulent concealment under MCL 600.5855 and toll a limitations period, a plaintiff must prove that the defendant engaged in affirmative acts or misrepresentations that were designed to prevent subsequent discovery; "[m]ere silence is insufficient." *Sills v Oakland Gen Hosp*, 220 Mich App 303, 310; 559 NW2d 348 (1996).

The trial court's ruling rejecting the application of MCL 600.5855 was based on its conclusion that the Goldens did not make any effort to conceal the fact that the inventory, goodwill, and non-compete agreement, which we shall collectively refer to as the business personalty, was part of the $485,000 offer. Therefore, according to the trial court, "[t]he correspondence at issue did not constitute an artifice designed to hinder the discovery of a potential claim." The trial court also found that the $211,000 offer for the real property was readily discoverable, where the warranty deed concerning the sale, which was recorded at the time of the transaction, expressly indicated that the price of the real property was $211,000. The court noted that a review of recorded real estate documents years after the deed was recorded was how plaintiffs came to discover the facts leading to the litigation.

Within the context of MCL 600.5855, a plaintiff is required to exercise reasonable diligence to discover facts pertinent to the existence of a cause of action. *Meyer & Anna Prentis Family Foundation, Inc v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 45-46 n 2; 698 NW2d 900 (2005). The statute was not intended to assist those who negligently refrain from making inquiries suggested by the facts. *Id.* When potential liability is discoverable from the outset from an examination of public records, a court is justified in finding that reasonable diligence would include such an examination and that MCL 600.5855 would not operate to toll a statute of limitations. *Id.*; see also *In re Farris Estate*, 160 Mich App 14, 18-19; 408 NW2d 92 (1987) ("Petitioner cannot rely on MCL 600.5855 . . . to postpone the running of the four-year period of limitation because petitioner is charged with knowledge of the information contained in the public record."). Here, the timely recorded warranty deed revealed the $211,000 price for the

real property.[1]  Moreover, the property consisted of an ice cream shop that was in operation at the time of the conveyance, as fully known by plaintiffs, yet plaintiffs did not take it upon themselves to exercise reasonable diligence to determine for certain whether the $485,000 offer communicated to them included business personalty; a simple inquiry into that issue was never made.  We also note that the underlying easement agreement is not exactly clear regarding whether the terms and conditions of an offer for which notification was required pertained solely to the real property or the real property plus business personalty.  The record simply does not show *fraudulent* concealment that was designed to prevent subsequent discovery of the existence of a claim.

For purposes of MCR 2.116(C)(7), upon de novo review and consideration of the documentary evidence in a light most favorable to plaintiffs, *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 686-687; 762 NW2d 529 (2008), MCL 600.5855 is not available to plaintiffs to save their time-barred suit.

Affirmed.  Having fully prevailed on appeal, defendants are awarded taxable costs pursuant to MCR 7.219.


/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Amy Ronayne Krause

---

[1] Plaintiffs argue that reasonable diligence relative to checking a public record is not required when there is evidence of an affirmative misrepresentation; however, plaintiff has not provided us with any relevant supporting authority directly addressing fraudulent concealment under MCL 600.5855.  Moreover, because fraudulent concealment under MCL 600.5855 requires an affirmative misrepresentation to begin with, the public-record principle recognized in *Prentis Family Foundation,* 266 Mich App at 45-46 n 2, and *Farris Estate*, 160 Mich App at 18-19, would be rendered entirely meaningless under plaintiffs' argument.