NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0346n.06

No. 16-2035

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 19, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| WOODROW ROBERSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JEREMY MACNICOL and MATTHEW RIETZ, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

Before: COOK, KETHLEDGE, and DONALD, Circuit Judges.

KETHLEDGE, Circuit Judge.   Woodrow Roberson sued two Detroit police officers under 42 U.S.C. § 1983 and Michigan tort law.  The district court granted summary judgment to the officers on the ground that the relevant statutes of limitations barred Roberson's claims.  We affirm.

I.

On May 20, 2012, Roberson was shot in both legs at a parking lot in downtown Detroit. The defendant officers arrived on the scene, where according to Roberson they ignored his requests for help, threw him to the ground, handcuffed him, and pushed him into their police car. The officers then told Roberson that he was being charged with assault and took him to the hospital.  After Roberson was treated for his wounds, the officers drove him to their precinct, where he was jailed for about two days and then released without being charged.

Roberson soon filed a citizens' complaint with the Detroit Police Department and hired a lawyer, who sent the City a request for information about the incident. After receiving responses from the Department and the City, Roberson began preparing to file this lawsuit. The City filed for bankruptcy in July 2013, however, thereby triggering a stay against claims (like Roberson's) that arose before the bankruptcy. *See* 11 U.S.C. §§ 362, 922. To enable Roberson to preserve his claims, the City sent him a "proof of claim" form, which he completed and returned in February 2014. On November 21, 2014, the City lifted the stay and sent Roberson a "stay modification notice," advising him that he could now file his claims in a non-bankruptcy court and that he should do so promptly if he wished to preserve his rights. In January 2015, Roberson's attorney received a notice informing him that the City had recently emerged from bankruptcy and describing some of the provisions of the City's bankruptcy plan.

Nearly a year later, on December 2, 2015, Roberson filed this lawsuit against the officers under 42 U.S.C. § 1983, alleging that they had used excessive force and maliciously prosecuted him in violation of the Fourth Amendment. Roberson also raised state-law claims for assault and battery, false arrest, false imprisonment, and intentional infliction of emotional distress. The district court granted summary judgment to the officers, holding that the applicable statutes of limitations had run and that Roberson was not entitled to equitable tolling. Roberson now appeals.

II.

We review de novo the district court's order granting summary judgment. *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 842 (6th Cir. 2015). Summary judgment is appropriate when "there is no genuine dispute as to any material fact[.]" Fed. R. Civ. P. 56(a).

Roberson does not dispute that all of his claims accrued in May 2012, when he was arrested and detained. Roberson's state-law claims for assault and battery, false arrest, and false imprisonment are subject to a two-year statute of limitations. Mich. Comp. Laws § 600.5805(2); *Colvin v. Detroit Entm't, L.L.C.*, No. 296753, 2011 WL 2586321, at *2 (Mich. Ct. App. 2011). His claim for intentional infliction of emotional distress is subject to a three-year limitations period. *Lemmerman v. Fealk*, 534 N.W.2d 695, 697 (Mich. 1995). As for Roberson's § 1983 claims, we apply Michigan's three-year statute of limitations for personal-injury actions. *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). Thus, Roberson needed to file the two-year claims by May 2014 and the three-year claims by May 2015. Yet he did not file his complaint until December 2, 2015, well after both deadlines.

Roberson nonetheless argues that we should toll these statutes of limitations on three grounds. First he asks us to apply federal equitable-tolling principles. As to Roberson's state-law claims, however, federal tolling doctrine does not apply; instead, claims arising under state law are governed by state tolling doctrine. *See Ragan v. Merchs. Transfer & Warehouse Co.*, 337 U.S. 530, 533 (1949); *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 423 n.6 (6th Cir. 2007). The same is true for Roberson's § 1983 claims. "Having borrowed the state's statute of limitations for the § 1983 claim[s]," we apply the state's tolling rules as long as they are not "inconsistent with federal law or policy." *Johnson*, 777 F.3d at 845. Roberson does not cite any Michigan equitable-tolling rules, so he has forfeited any argument he might have had under those rules. Nor does Roberson argue that Michigan's rules clash with federal law—the only circumstance in which we could apply the federal rules. *See id.*

Moreover, even if Roberson could rely on federal tolling rules here, his argument would still fail. Federal courts apply equitable tolling "sparingly." *Graham-Humphreys v. Memphis*

*Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000). A plaintiff who fails to pursue his rights diligently is not eligible for tolling. *Id.* Nor is a plaintiff who misses a deadline because of garden-variety attorney negligence. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Roberson asserts that he is entitled to federal equitable tolling because, he says, the City never told him that the bankruptcy stay had been lifted. But the defendants submitted evidence that the City sent Roberson a "stay modification notice" in November 2014—both by mail and by electronic filing. The notice advised Roberson that the stay had been lifted, and that he could therefore proceed with his suit. Roberson says that he never received the notice, but his unsworn assertion cannot create a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325-26 (1986). Moreover, Roberson concedes that he (or at least, his attorney) received a separate notice in January 2015 informing him that the City had emerged from bankruptcy and adopted a bankruptcy plan. Although this notice did not state that the bankruptcy stay had been lifted, a diligent plaintiff would have at least investigated that question. Yet Roberson did not file this lawsuit until almost a full year later. Hence Roberson has not demonstrated the diligence necessary to invoke equitable tolling. Nor has he shown that his attorney's errors (if any) rose above garden-variety negligence. Thus, Roberson is not entitled to equitable tolling.

Second, Roberson contends that the defendants' actions constituted "fraudulent concealment" because they had notice of his claims, but allegedly did not alert him that the bankruptcy stay had been lifted. Roberson Br. 15-16 (citing *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1465 (6th Cir. 1988)). This argument fails for the same reason as Roberson's equitable-tolling argument: the City alerted Roberson that the stay had been lifted by sending him a notice to that effect. Moreover, to make out a claim for fraudulent concealment, a

plaintiff must specifically plead it in his complaint, which Roberson did not do here. *See Pinney Dock*, 838 F.2d at 1465; *Sills v. Oakland Gen. Hosp.* 559 N.W.2d 348, 352 (Mich. Ct. App. 1996).

Finally, in the alternative, Roberson asserts that the City's bankruptcy petition tolled the statutes of limitations for the entire duration of the bankruptcy, which lasted from July 2013 to November 2014—a total of 491 days. But Roberson cites no authority for this proposition, and we find none. Absent the bankruptcy, Roberson would have needed to file his claims for assault and battery, false arrest, and false imprisonment within two years (*i.e.*, by May 2014), and his other claims within three years (*i.e.*, by May 2015). Under 18 U.S.C. § 108, which governs stays caused by bankruptcy, Roberson could have sued on these claims by the end of their ordinary limitations periods or within 30 days after receiving notice of the lifting of the stay, whichever was later. *See* 11 U.S.C. § 108(c). The City notified Roberson of the lifting of the stay on November 21, 2014, so he had until December 21, 2014 to file the two-year claims and until May 2015 to file the three-year claims. But he did not file any of his claims until December 2015. Thus, all of his claims are time-barred.

\*   \*   \*

The district court's judgment is affirmed.