*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JERRY SLATTEN,

        Plaintiff-Appellant,

v

ARTHUR'S MOBILE HOME PARK,

        Defendant-Appellee.

UNPUBLISHED
September 12, 2024

No. 368331
Wayne Circuit Court
LC No. 22-013278-NO

Before: K. F. KELLY, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff, Jerry Slatten, appeals as of right the trial court's order granting summary disposition to defendant, Arthur's Mobile Home Park, under MCR 2.116(C)(7). We affirm because the trial court did not err by granting summary disposition.

## I. BASIC FACTS

On September 2, 2021, Slatten first filed a complaint against Arthur's Mobile Home Park, alleging that a sewer pipe outside of his mobile home either exploded or overflowed and that he was injured by the inhalation of the resulting fumes. The trial court dismissed the complaint without prejudice as a result of nonservice on Arthur's Mobile Home Park under MCR 2.102(E)(1). Thereafter, Slatten filed a second complaint, making the same allegations. After answering the complaint, Arthur's Mobile Home Park moved for summary disposition, arguing in relevant part that dismissal was warranted because Slatten's claims were barred by the three-year statute of limitations in MCL 600.5805(2). Slatten responded that, under MCL 600.5855, the statute of limitations had been tolled for two years because Arthur's Mobile Home Park's employees, "Paul" and "Candy," had fraudulently concealed its identify from him. Following a hearing on the motion, the trial court granted summary disposition under MCR 2.116(C)(7).

## II.  SUMMARY DISPOSITION

## A.  STANDARD OF REVIEW

Slatten argues that the trial court erred by granting summary disposition.  Challenges to a trial court's decision on a motion for summary disposition are reviewed de novo.  *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009).  Likewise, we review de novo the trial court's determination that a cause of action is barred by the applicable statute of limitations.  *City of Ferndale v Florence Cement Co*, 269 Mich App 452, 457; 712 NW2d 522 (2006).

## B.  ANALYSIS

Summary disposition is warranted under MCR 2.116(C)(7) if an action is barred by a statute of limitations.  Slatten's claim is an action to recover damages for an injury to a person.  Accordingly, the applicable limitations period is 3 years.  See MCL 600.5805(2).  Under MCL 600.5827, Slatten's claim accrued "at the time the wrong upon which the claim is based is done regardless of the time when damages results."  Slatten's claim ostensibly accrued on either September 11, 2018 or September 11, 2019.[1]  Thus, the three-year limitations period ended on either September 11, 2021 or September 11, 2022.  Slatten's complaint in the instant action was filed on November 7, 2022, which is outside the limitations period regardless of whether the claim accrued in 2018 or 2019.

Slatten, however, argues that there is a question of fact as to whether the limitations period was tolled under MCL 600.5855, which provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.  [MCL 600.5855.]

"Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action."  *Doe v Roman Catholic Archbishop of the Archdiocese of Detroit*, 264 Mich App 632, 642; 692 NW2d 398 (2004) (quotation marks and citation omitted).  "The plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment."  *Sills v Oakland Gen Hosp*, 220 Mich App 303, 310; 559 NW2d 348 (1996).  "The plaintiff must prove that the defendant

---

[1] Slatten's complaint and appellate brief state the date of injury as September 11, 2019.  However, Slatten averred in an affidavit that the date of injury was September 11, 2018.  Further, in his reply to the motion for summary disposition, Slatten again represented that the date of injury was September 11, 2018.  Finally, medical records produced by Slatten during this action also reference a 2018 injury date.

committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery." *Id*. "Mere silence is insufficient." *Id*.

We conclude that summary disposition was properly granted. First, Slatten never pleaded in the instant complaint the acts or misrepresentations comprising fraudulent concealment. See *id*. Second, Slatten has not established a question of fact regarding whether there was fraudulent concealment. In support of his claim of fraudulent concealment Slatten submitted a sworn affidavit. Based on the contents of the affidavit, he argues Arthur's Mobile Home Park's alleged employees "Paul" and "Candy" were not truthful about the owner of the property. Specifically, he argues (1) Arthur's Mobile Home Park employed Paul as a park manager; (2) Paul told him that "he wasn't sure who owned the property;" (3) Paul told him that he would "find out who owned the property" but never followed through; (4) Paul gave Slatten the phone number of Candy, the park's operations manager; and (5) Slatten contacted Candy "many different times" but never spoke to her about the issue because she did not return his phone calls.

Even assuming "Candy" was an agent or employee of Arthur's Mobile Home Park, she took no affirmative action to conceal its identity. Candy never spoke to Slatten regarding the identity of the park's owner. The mere act of not answering his phone calls was not an affirmative act designed to prevent subsequent discovery. See *id*. As a result, Slatten's allegations concerning Candy did not create a genuine issue of material fact.

"Paul" also took no affirmative action to conceal Arthur's Mobile Home Park's identity. Assuming Paul was an agent or employee of Arthur's Mobile Home Park,[2] Paul's statements indicated that he was uncertain as to ownership but he would attempt to find out. Additionally, he provided Slatten with the phone number of someone who might know who owned the mobile home park. Rather, Paul seemingly engaged in an effort to assist Slatten in discovering the owner of the park. While Slatten believed that Paul "must have known who owned the park," this is based upon speculation. "[P]arties opposing a motion for summary disposition must present more than conjecture and speculation to meet their burden of providing evidentiary proof establishing a genuine issue of material fact." *Bennett v Detroit Police Chief*, 274 Mich App 307, 319; 732 NW2d 164 (2006). Viewing Paul's statements and actions in their entirety and in a light most favorable to Slatten, there were no affirmative acts or misrepresentations designed to prevent subsequent discovery. See *Sills*, 220 Mich App at 310.

In addition, MCL 600.5855 will not toll the applicable period of limitations if liability was "discoverable from the outset. . . ." *Prentis Family Foundation, Inc v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 48; 698 NW2d 900 (2005). Here, notwithstanding the alleged fraudulent concealment, Arthur's Mobile Home Park's produced the annual reports of "Arthur's M.H.P., Inc.," from the Department of Licensing and Regulatory Affairs." The reports identified the name of Arthur's Mobile Home Park's resident agent. Moreover, the resident agent averred that Slatten "would regularly receive documents from management pertaining to leases, park matters, or the dissemination of other relevant information. These documents included but were

---

[2] In an affidavit, Arthur's Mobile Home Park's resident agent noted that "Paul Vernier was a 1099 independent contractor and resident of the mobile home park," but was "not an employee or representative of" Arthur's Mobile Home Park.

not limited to: monthly water bills, rent increases, holiday letters, and other management notices." The documents were "clearly identified as being sent from a corporation entitled 'Arthur's M.H.P.' " The documents "clearly displayed" a moniker and that some of them referenced himself. The documents were sent to Slatten in the "regular course of business" before his alleged injury occurred. Consequently, even if Slatten proved Arthur's Mobile Home Park's agents committed affirmative acts or misrepresentation designed to prevent subsequent discovery, the limitations period would not have tolled because Slatten reasonably could have discovered Arthur's Mobile Home Park's identity through other methods. See *id*.

The trial court correctly granted defendant summary disposition under MCR 2.116(C)(7).

Affirmed. Arthur's Mobile Home Park, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly

-4-