**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

**FILED DECEMBER 6, 2005**

KENNETH MITAN,

    Plaintiff-Appellee,

V

                       No. 126451

MAURA CAMPBELL,

    Defendant-Appellant.

_____

PER CURIAM.

The question before us in this defamation case is whether the period of limitations[1] runs from the date of the alleged defamatory statement made by defendant or the date the statement was republished by a third party. We conclude that the limitations period ran from the date of the original alleged defamatory statement. Therefore, we reverse the judgment of the Court of Appeals and reinstate the circuit court's judgment of summary disposition.

_____

[1] Currently the statute of limitations is MCL 600.5805(9). Amendments to MCL 600.5805 since the alleged defamation occurred in this case have no effect on this case.

## I. Facts and Procedural History

Defendant was the public relations director of the Department of Consumer and Industry Services. On February 22, 2000, she was interviewed by a reporter from WXYZ-TV regarding employment claims made by plaintiff's employees. During the interview, defendant stated that plaintiff was a "bad egg," a statement that plaintiff claims was defamatory. The statement was broadcast by WXYZ-TV on February 25, 2000. Plaintiff filed a defamation complaint on February 26, 2001 (February 25 was a Sunday), more than a year after defendant made her statement but within a year from the date it was republished by WXYZ-TV.

The limitations period for a defamation claim is one year. MCL 600.5805(9). The circuit court granted defendant summary disposition based on the statute of limitations, MCR 2.116(C)(7), ruling that defendant's statement to the reporter started the limitations period running, and that defendant could not be held responsible for the republication by WXYZ-TV. The Court of Appeals reversed and remanded.[2] It concluded that defendant could be liable on the basis of the republication because it was

---

[2] *Mitan v Campbell,* unpublished opinion per curiam issued May 20, 2004 (Docket No. 242486).

plausible that the broadcast was the natural, and possibly intended, result of the interview. The Court found this was a factual issue to be considered on remand.

Defendant applied for leave to appeal to this Court. In lieu of granting leave to appeal, the Court heard oral argument on the application for leave to appeal pursuant to MCR 7.302(G)(1).[3]

## II. Standard of Review

We review a summary disposition ruling de novo to determine whether the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood,* 461 Mich 109, 118; 597 NW2d 817 (1999). Questions of statutory construction are also reviewed de novo. *Roberts v Mecosta Co Gen Hosp,* 466 Mich 57, 62; 642 NW2d 663 (2002). In construing a statute, courts are to effect the intent of the Legislature, and if a statute is clear and unambiguous it should be enforced as written. *Id.* at 63.

## III. Analysis

The elements of a defamation claim are: (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the

---

[3] 471 Mich 938 (2004).

3

publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication. *Rouch v Enquirer & News of Battle Creek (After Remand),* 440 Mich 238, 251; 487 NW2d 205 (1992) (libel); *Ledl v Quik Pik Food Stores, Inc,* 133 Mich App 583, 589; 349 NW2d 529 (1984) (defamation).

The one-year limitations period for defamation claims is found in MCL 600.5805(1), (9):

> (1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, *after the claim first accrued* to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.
>
> * * *
>
> (9) The period of limitations is 1 year for an action charging libel or slander. [Emphasis added.]

A defamation claim accrues when "the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827.

MCL 600.5805(1) and (9) are clear and unambiguous. Our Legislature has clearly provided that a defamation claim must be filed within one year from the date the claim *first* accrued. The claim first accrued when the defamatory statement was made on February 22, 2000. The statute does not contemplate extending the accrual of the claim on the

4

basis of republication, regardless of whether the republication was intended by the speaker.[4] Because plaintiff filed suit against defendant more than a year after his claim first accrued, his cause of action is barred by the statute of limitations.

The plain language of MCL 600.5805 is inconsistent with plaintiff's claim that a third party's expected republication of a defamatory statement affects the running of the limitations period for the initial statement. The statute provides a relatively short limitations period of one year; there is nothing in the statute suggesting that the period can effectively be lengthened where republication is anticipated. Rather than a rule of *first* accrual, the reasoning of the Court of Appeals changes the statute to a rule of *last* accrual. Such reasoning undermines the principles of finality and certainty behind a statute of limitations. See *Stephens v Dixon,* 449 Mich 531; 536 NW2d 755 (1995).[5]

---

[4] The republisher of the statement, WXYZ-TV, is not a party to this action. We are concerned only with defendant's liability for WXYZ-TV's republication of her statement.

[5] The Court of Appeals relied on *Tumbarella v Kroger Co*, 85 Mich App 482, 496; 271 NW2d 284 (1978), for the proposition that the "general rule is that one who
(continued…)

## IV. Conclusion

The judgment of the Court of Appeals is reversed and the circuit court's judgment of summary disposition is reinstated.[6]

Clifford W. Taylor
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

---

(continued…)
publishes a defamatory statement is liable for the injurious consequences of its repetition where the repetition is the natural and probable result of the original publication." We neither accept nor reject that proposition because plaintiff neither alleged nor claimed damages for natural and probable consequences in his complaint. His sole allegation was that an injurious, defamatory statement was published on February 25, 2000, the date of the broadcast. Further, even if we were to accept the natural and probable consequences rule, no case from our jurisdiction has held that the rule extends the one-year period of limitations. The *Tumbarella* Court held merely that the original publisher was liable for the natural and probable consequences of his remarks. Because the Court of Appeals misinterpreted *Tumbarella* as extending the period of limitations, its reliance on *Tumbarella* was misplaced.

[6] Our decision renders moot the remaining arguments raised by plaintiff.

6