# STATE OF MICHIGAN

# COURT OF APPEALS

ANDREW ROCKY RACZKOWSKI,

Plaintiff-Appellant,

v

MARTY KNOLLENBERG, MARTY
KNOLLENBERG FOR STATE SENATE,
OAKLAND COUNTY VOTERS ALLIANCE,
MICHAEL MURRAY, doing business as
MURRAY COMMUNICATIONS, and
JENNIFER MURRAY,

Defendants-Appellees,

and

LASERCOM LLC, doing business as
LASERCOM,

Defendant.

UNPUBLISHED
December 26, 2017

No. 336052
Ingham Circuit Court
LC No. 16-000571-CZ

Before: O'CONNELL, P.J., and BECKERING and STEPHENS, JJ.

PER CURIAM.

Plaintiff, Andrew Rocky Raczkowski, appeals as of right the trial court's grant of summary disposition under MCR 2.116(C)(7) (statute of limitations) and (C)(8) (failure to state a claim) in favor of the Knollenberg defendants, which include State Senator Marty Knollenberg, his campaign, and other people and business entities related to his successful 2014 campaign for State Senate. The trial court dismissed Raczkowski's complaint as untimely. We affirm.

## I. BACKGROUND

Raczkowski and Knollenberg ran for the Republican nomination for the State Senate seat in the 13th district in 2014. Fox 2 News in Detroit ran a story implicating Raczkowski in raising money for political campaigns for elections he did not run in by targeting veterans and seniors. A mailer, paid for by Oakland County Voters Alliance, reproduced the allegations made by Fox 2 News with slight embellishments.

-1-

Raczkowski filed a complaint in July 2016, naming Marty Knollenberg, Marty Knollenberg for State Senate (Knollenberg's campaign), Oakland County Voters Alliance, Michael Murray, d/b/a/ Murray Communications, Jennifer Murray, d/b/a/ an unincorporated entity, and Lasercom LLC, d/b/a Lasercom, as defendants. Raczkowski alleged that Knollenberg's campaign created the Oakland County Voters Alliance to hide the campaign's role in producing the mailer for the purpose of making defamatory statements about Raczkowski in automated telephone calls, a YouTube video, and the mailer.

The Knollenberg defendants, consisting of all defendants except Lasercom,[1] filed a motion for summary disposition under MCR 2.116(C)(5) (standing), (C)(7) (statute of limitations), and (C)(8) (failure to state a claim). Pertinent to this appeal, the Knollenberg defendants argued that Raczkowski brought the defamation claim beyond the one-year statutory period of limitations. Raczkowski responded by arguing that the Knollenberg defendants fraudulently concealed their identity behind the facade of the Oakland County Voters Alliance to prevent Raczkowski from discovering who made the defamatory statement. Consequently, Raczkowski argued, the statutory period of limitations was tolled under MCL 600.5855, and his complaint was timely.

The trial court granted the Knollenberg defendants' motion for summary disposition. The trial court ruled that Raczkowski filed the complaint after the expiration of the one-year statutory period of limitations for a defamation claim at MCL 600.5805(9). The trial court further concluded that the two-year period of limitations at MCL 600.5855, tolled by fraudulent concealment of the tortfeasor's identity, did not apply. The trial court found that Raczkowski submitted no evidence that the Knollenberg defendants fraudulently concealed their identity or that Raczkowski attempted to discover it. The trial court noted that Raczkowski's ignorance of the identity of the Knollenberg defendants' identities did not establish that they fraudulently concealed them.

## II. STANDARD OF REVIEW

This Court reviews a ruling on a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). We also review a question of statutory interpretation de novo. *Mitan v Campbell*, 474 Mich 21, 23; 706 NW2d 420 (2005).

MCR 2.116(C)(7) permits dismissal of an action on the basis of a statute of limitations. Summary disposition under MCR 2.116(C)(8) is appropriate if the "opposing party has failed to state a claim on which relief can be granted." MCR 2.116(C)(8). A summary disposition motion under MCR 2.116(C)(8) "tests the legal sufficiency of a claim and must be determined on the basis of the pleadings alone." *Lakin v Rund*, 318 Mich App 127, 131; 896 NW2d 76 (2016).

---

[1] Defendant Lasercom separately moved for summary disposition under MCR 2.116(C)(7) (statute of limitations), (C)(8) (failure to state a claim), and (C)(10) (no genuine issue of material fact), arguing that it merely printed the mailer that contained the allegedly defamatory statement and, thus, was not liable. Raczkowski agreed to dismiss Lasercom as a defendant, and Lasercom is not a party to this appeal.

This Court accepts as true all factual allegations and any reasonable inferences flowing from those allegations. *Id.*

## III. ANALYSIS

A defamation claim must be brought within one year of accrual. MCL 600.5805(1) and (9); *Mitan*, 474 Mich at 23. A defamation claim accrues when the defamatory statement was made. *Mitan*, 474 Mich at 25; see also MCL 600.5827.

Raczkowski does not contest that he filed the complaint more than one year after the claim accrued. Rather, the parties dispute whether the Knollenberg campaign's use of the Oakland County Voters Alliance to produce the mailer constituted fraudulent concealment that tolled the period of limitations.

MCL 600.5855 provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

To demonstrate fraudulent concealment, the "plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment." *Sills v Oakland Gen Hosp*, 220 Mich App 303, 310; 559 NW2d 348 (1996). The plaintiff must show that the defendant acted affirmatively to prevent discovery *The Meyer and Anna Prentis Family Foundation, Inc v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 48; 698 NW2d 900 (2005). The defendant's silence will not suffice. *Sills*, 220 Mich App at 310. Furthermore, the "plaintiff's lack of diligence" will not "toll the period of limitations." *Prentis Family Foundation, Inc*, 266 Mich App at 48.

Applying this tolling provision, this Court relied on "the entire constellation of facts that were known or should have been known" to the plaintiff to conclude that the fraudulent concealment exception did not toll the statutory period of limitations. *Doe v Roman Catholic Archbishop of the Archdiocese of Detroit*, 264 Mich App 632, 644; 692 NW2d 398 (2004). In *Doe*, this Court determined that the plaintiff's claims against the Archdiocese for sexual abuse perpetrated on him by a priest several years before were late because the plaintiff should have known that he had a possible cause of action against the Archdiocese long before he brought the complaint. *Id*. at 635, 644-645. This Court further noted that if the plaintiff was able to discover the basis of the claim "through his own investigation, failure to timely discover it cannot be attributable to defendant." *Id*. at 645 n 2.

Similarly, in this case, Raczkowski singles out the Knollenberg campaign's use of the Oakland County Voters Alliance to produce the mailer to argue fraudulent concealment. Although Raczkowski did not specify in the complaint how or when he learned about the Knollenberg campaign's connection with the Oakland County Voters Alliance, he later stated

that he learned about it through investigation involving the postal service. The Knollenberg campaign may have concealed its identity behind the Oakland County Voters Alliance, but Raczkowski did not allege facts showing that the Knollenberg campaign prevented anyone from discovering its affiliation with the Oakland County Voters Alliance. In short, Raczkowski's ability to learn the true identity of the Oakland County Voters Alliance undermines his argument that the Knollenberg defendants fraudulently concealed their identity.

Raczkowski's reliance on *Hope-Jackson v Washington*, 311 Mich App 602; 877 NW2d 736 (2015), is unavailing. In *Hope-Jackson*, this Court concluded that fraudulent concealment tolled the statutory limitations period because the person who posted the defamatory statements to a website "actively concealed" her role as the website's administrator and author of the defamatory posts by lying under oath about being the website's administrator. 311 Mich App at 609, 617-618. By contrast, in this case, Raczkowski did not show that whoever formed the Alliance concealed their identity in a manner intended to prevent discovery, even if Raczkowski expended some unspecified amount of effort to discover their identity.[2] In sum, Raczkowski's vague statements about when and how he learned that the Knollenberg campaign made the defamatory statement are insufficient to show that the Knollenberg defendants used fraud to conceal their identity.[3]

We affirm.

/s/ Peter D. O'Connell
/s/ Jane M. Beckering
/s/ Cynthia Diane Stephens

---

[2] In this case, Raczkowski deduces that since the Alliance was not a registered entity and that Raczkowski did not know the identities of the persons who formed or funded the Alliance, the named defendants concealed the information.

[3] We disagree with defendants that Raczkowski waived other dispositive issues on appeal. The trial court's ruling rested on its conclusion that Raczkowski failed to show fraudulent concealment, and Raczkowski properly presented and briefed the issue.

-4-