*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

ROBERT M. KOLODIN,

      Plaintiff-Appellant,

v

WILLIAM BEAUMONT HOSPITAL,

      Defendant-Appellee.

UNPUBLISHED
July 23, 2019

No. 343445
Oakland Circuit Court
LC No. 2017-158922-CZ

Before: M. J. KELLY, P.J., and MARKEY and GLEICHER, JJ.

PER CURIAM.

Plaintiff, Robert Kolodin, appeals as of right the trial court order granting defendant, William Beaumont Hospital, summary disposition under MCR 2.116(C)(10). Kolodin also challenges the trial court's prior order granting partial summary disposition to defendant under MCR 2.116(C)(8). Because there are no errors warranting reversal, we affirm.

## I. BASIC FACTS

In April 2017, Kolodin was admitted to Beaumont Hospital for an unspecified illness, and he brought his 10-year-old daughter, SK, to the hospital with him. Hospital staff members were concerned because SK appeared to have missed up to three days of school to stay with Kolodin at the hospital. Additionally, a number of employees were unsure whether SK was being provided with food because the hospital's policy was to provide meals for admitted patients, but not for their guests. An unidentified nurse informed Child Protective Services (CPS) that SK was staying at the hospital without supervision from any adults aside from Kolodin. According to the police report, the officer was informed that a nurse allegedly reported to hospital security that SK was seen holding a urine receptacle near Kolodin's genitals while he gave a urine sample.

The hospital security officers called SK's mother, who picked SK up from the hospital. A police officer performed a wellness check on SK once she was taken home from the hospital by her mother. The officer spoke to SK, who stated that she "only asked a nurse for the urine receptacle because [Kolodin] needed it." SK denied holding the urine receptacle for Kolodin. SK expressed no discomfort with Kolodin and told the officer that she was not injured. The

-1-

officer called SK's school and was informed by an administrator that SK missed two days of school while Kolodin was in the hospital. The accusations regarding Kolodin were ultimately unsubstantiated, and CPS closed its case against him.

Thereafter, Kolodin filed a complaint against defendant, raising claims of intentional infliction of emotional distress, defamation, false light, and injunctive relief. Defendant filed a motion for summary disposition, which was granted in part, and denied in part. Kolodin's claims for false light and injunctive relief were dismissed as a result of the motion for summary disposition, and Kolodin later filed an amended complaint in which he only alleged claims of intentional infliction of emotional distress and defamation. Defendant filed a second motion for summary disposition. Following oral argument, the trial court granted defendant's second motion for summary disposition and dismissed Kolodin's complaint.

## II. QUALIFIED IMMUNITY

### A. STANDARD OF REVIEW

Kolodin argues that the trial court erred by excluding statements regarding whether SK was abused or neglected on the basis of qualified immunity. A trial court's decision to grant summary disposition is reviewed de novo. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). Whether a person has qualified immunity is also reviewed de novo. *Morden v Grand Traverse Co*, 275 Mich App 325, 340; 738 NW2d 278 (2007).

### B. ANALYSIS

Under MCL 722.623 individuals in certain fields of employment are required to report suspected child abuse or neglect. MCL 722.623(1)(a) mandates that "[a] physician . . . medical examiner, nurse, [or] person licensed to provide emergency medical care . . . who has reasonable cause to suspect child abuse or child neglect shall make an immediate report . . . of the suspected child abuse or child neglect." Under MCL 722.625, individuals who report suspected child abuse or neglect are entitled to qualified immunity. The statute provides:

> A person acting in good faith who makes a report, cooperates in an investigation, or assists in any other requirement of this act is immune from civil or criminal liability that might otherwise be incurred by that action. A person making a report or assisting in any other requirement of this act is presumed to have acted in good faith. . . . [MCL 722.625.]

Kolodin asserted in his complaint that a hospital employee, presumably a nurse, reported to CPS that Kolodin's daughter "had been absent from school for three days, despite the fact that the [Kolodin] had only being [sic] admitted to the hospital for one day, and . . . [Kolodin's daughter] had not eaten properly, while [Kolodin] was admitted to the Hospital." The trial court determined that the medical professional who made the alleged statements was a mandatory reporter under MCL 722.623(1)(a). Furthermore, the court held that, under MCL 722.625, the medical professional was entitled to qualified immunity. On appeal, Kolodin contends that the statements made by the unidentified nurse were "blatant lies" that should not have been protected under MCL 722.623 and MCL 722.625.

-2-

Yet, there is no evidence showing that the statements were false.[1] In his first amended complaint, Kolodin admitted that SK was at the hospital with him on April 26, 2017, which was a Wednesday. Kolodin did not assert that SK was on a school break, and thus, it appears that SK was with Kolodin at the hospital during regular school hours. Kolodin also stated that he "requested that the nurse provide . . . [SK] with a food tray, or 'guest tray,' " and that his request was denied. Therefore, the factual allegations, as pleaded by Kolodin, indicate that the hospital staff had reason to suspect that SK was not at school during normal school hours and might not have been eating. Doctors and other medical workers have "little, if any, discretion in reporting." *Lee v Detroit Med Ctr*, 285 Mich App 51, 63; 775 NW2d 326 (2009). Accordingly, if a nurse mandated to report suspected child abuse or neglect under MCL 722.623 had reasonable cause to suspect that SK was being abused or neglected, that nurse was required to report the incident to CPS. MCL 722.623(1)(a). Considering the facts as presented by Kolodin, the nurse who made the report to CPS suggesting that SK was being neglected clearly was required to do so given that there was reasonable cause to suspect SK was being neglected. Thus, there is no basis to hold defendant liable for the statutorily required actions of its employee. The trial court did not err by holding the statements to CPS regarding SK's absence from school and that she had not eaten properly were protected by qualified immunity.[2]

## III. ADMISSION OF EVIDENCE

Kolodin next argues that the trial court erred by sua sponte excluding the police report as hearsay without first granting him an opportunity to request an evidentiary hearing or make an offer of proof regarding its admissibility. Kolodin argues that the report was admissible under MRE 803(8), as well as MRE 402 and MRE 404(b). Generally, " '[w]hen an evidentiary issue is preserved, a 'trial court's decision whether to admit evidence is reviewed for an abuse of discretion, but preliminary legal determinations of admissibility are reviewed de novo.' " *Nahshal v Fremont Ins Co*, 324 Mich App 696, 710; 922 NW2d 662 (2018) (citation omitted). However, "[i]t is well settled that in order to preserve the issue of the admissibility of evidence for appeal, the proponent of evidence excluded by the trial court must make an offer of proof." *Detroit v Detroit Plaza Ltd Partnership*, 273 Mich App 260, 291; 730 NW2d 523 (2006). Here, defendant argued that the police report was inadmissible because it was hearsay, but Kolodin did not respond to the argument and did not make an offer of proof regarding the police report's admissibility in the trial court. Accordingly, the issue is not preserved.

In *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008) our Supreme Court explained:

---

[1] Although Kolodin asserts that the statements constituted "blatant lies," the record does not support his assertion.

[2] Kolodin also argues that the trial court erred by justifying its decision to dismiss the specific statements made to CPS regarding SK's failure to attend school and lack of food by citing to the shared-interest privilege. However, the trial court did not base its determination that the statements were privileged on the shared-interest privilege, so Kolodin is not entitled to relief on that basis.

-3-

Michigan generally follows the "raise or waive" rule of appellate review. Under our jurisprudence, a litigant must preserve an issue for appellate review by raising it in the trial court. Although this Court has inherent power to review an issue not raised in the trial court to prevent a miscarriage of justice, generally a failure to timely raise an issue waives review of that issue on appeal.

The principal rationale for the rule is based in the nature of the adversarial process and judicial efficiency. By limiting appellate review to those issues raised and argued in the trial court, and holding all other issues waived, appellate courts require litigants to raise and frame their arguments at a time when their opponents may respond to them factually. This practice also avoids the untenable result of permitting an unsuccessful litigant to prevail by avoiding its tactical decisions that proved unsuccessful. Generally, a party may not remain silent in the trial court, only to prevail on an issue that was not called to the trial court's attention. Trial courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute. [Citations and quotation marks omitted.]

Thus, by failing to raise the above arguments in the trial court, Kolodin waived review of them.

This Court may waive preservation requirements "to review an issue not raised in the trial court to prevent a miscarriage of justice," *id*. at 387, and we may review an unpreserved issue when consideration is necessary to a proper determination of the case, or when the issue is a question of law and the facts necessary for resolution of the issue have been fully presented, *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006). However, even when there exists a basis for waiving preservation requirements, our Supreme Court has cautioned that appellate courts should exercise their discretion sparingly and only when there are exceptional circumstances that warrant review. *Napier v Jacobs*, 429 Mich 222, 233; 414 NW2d 862 (1987). In this case, Kolodin's arguments regarding the admissibility of the police report could have been raised in response to defendant's second motion for summary disposition, so we decline to overlook the preservation requirements.

## IV. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Kolodin contends that the trial court erred by granting defendant's second motion for summary disposition because he made a prima facie case of defamation and because a genuine issue of material fact existed regarding statements made to CPS. The trial court granted the second motion for summary disposition under MCR 2.116(C)(10). "In reviewing a motion for summary disposition under MCR 2.116(C)(10), a court considers the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in the light most favorable to the party opposing the motion." *Puetz v Spectrum Health Hosps*, 324 Mich App 51, 68; 919 NW2d 439 (2018) (quotation marks and citation omitted). A genuine issue of material fact " 'exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ.' " *Bennett*, 322 Mich App at 642 (citation omitted).

## B.  ANALYSIS

Kolodin asserts that he made a prima facie case of defamation in his second amended complaint and that he proved a nurse made defamatory comments in a complaint to CPS.

> The elements of defamation are: (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication.  [*Mitan v Campbell*, 474 Mich 21, 24; 706 NW2d 420 (2005).]

Kolodin has not established a genuine issue of material fact as to whether a materially false statement was reported to CPS.  Kolodin contends that the unknown nurse made slanderous comments to doctors and nurses at the hospital, indicating that Kolodin asked SK to hold onto the urine receptacle while Kolodin gave a urine sample.  However, there is no admissible evidence that the nurse told doctors, nurses, or CPS that SK ever physically held a urine receptacle to Kolodin's genitals.[3]  Instead, the record indicates that Kolodin "stated . . . if my daughter held the cup then a urine specimen could be given . . . .  I would never have her do that though," and that Kolodin grew irate when a report was made to CPS regarding this statement.  In a response to an interrogatory regarding the incident, Kolodin admitted that he "made a statement that because of the IV placement and the pain that [SK] would hold the urinal cup," and that he also told a nurse, "don't worry about it, it will never happen I will do it myself . . . ."  Since Kolodin admitted to making the statements that were reported to CPS, he cannot show that a false statement was made, and his claim of defamation must fail.  Consequently, because Kolodin could not establish a factual dispute regarding the first element of his defamation claim, the trial court did not err by dismissing it under MCR 2.116(C)(10).

Kolodin's statement of the issues presented indicates that he intended to argue that the trial court erred by dismissing his intentional infliction of emotional distress claim.  However, Kolodin does not address the trial court's decision to dismiss his intentional infliction of emotional distress claim in the body of his brief on appeal.  Accordingly, to the extent that this issue concerns Kolodin's intentional infliction of emotional distress claim, it has effectively been abandoned.  See *Bronson Methodist Hosp*, 298 Mich App at 199.

---

[3] Although there is a statement to that effect in the police report, the trial court did not consider it because it was inadmissible hearsay.  Given that we discern no abuse of discretion in the court's evidentiary decision, we will not consider the contents of the police report when evaluating Kolodin's defamation claim.

Affirmed.

/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Elizabeth L. Gleicher