*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

M.L. HARGROW, JR. and MARY K HARGROW,

Plaintiffs-Appellants,

v

MTGLQ INVESTORS, LP, NATIONSTAR
MORTGAGE, LLC, and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.,

Defendants-Appellees.

UNPUBLISHED
January 21, 2021

No.  350796
Washtenaw Circuit Court
LC No.  18-000049-CH

MTGLQ INVESTORS, LP by its servicer SELENE
FINANCE, LP,

Plaintiff/Counter-Defendant-Appellee,

v

M.L. HARGROW, JR. and MARY K HARGROW,

Defendants/Counter-Plaintiffs-
Appellants.

No.  350797
Washtenaw Circuit Court
LC No.  17-001035-CH

Before:  JANSEN, P.J., and SERVITTO and RIORDAN, JJ.

PER CURIAM.

In these consolidated cases, M.L. Hargrow, Jr. and Mary Hargrow[1] appeal by right the trial
court's order of foreclosure (Docket No. 350797) and the trial court's order granting summary

---

[1] M.L. Hargrow, Jr. (hereinafter, "M.L.") and his wife Mary Hargrow ("Mary"), defendants and
counter-plaintiffs in the judicial foreclosure proceeding (Docket No. 350797) and plaintiffs in the

-1-

disposition in favor of the mortgage entities[2] on Mary's libel claim (Docket No. 350796). We affirm.

## I. FACTS & PROCEDURAL HISTORY

This case arises out of a judicial foreclosure of the property located at 1568 Stratford Court in Superior Township. On June 21, 2007, M.L. executed a promissory note for a loan from Homecomings Financial, LLC and granted a mortgage on the Stratford Court property to MERS. Only M.L. is listed as a borrower on the promissory note and the parties agree that Mary has no legal obligation to pay on the note. However, M.L. and Mary are both listed as borrowers on the mortgage which further provides:

> any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant, and convey the co-signor's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

In 2009, MERS assigned the mortgage to Nationstar, but that assignment (the "2009 assignment") incorrectly indicated that Mary had signed the promissory note. That same year, M.L. defaulted on the loan. In 2010, the Hargrows filed for bankruptcy and the property was acquired by the Federal National Mortgage Association through a foreclosure sale. In 2012, the Hargrows sued Nationstar and MERS, challenging the 2009 assignment which incorrectly reflected that Mary had signed the promissory note. Pursuant to a confidential settlement agreement, the trial court entered a consent order which provided that (1) Mary was not to be referred to as a borrower, as she did not execute the promissory note, (2) the mortgage was held by Nationstar, and (3) Nationstar was not restricted from conveying or assigning the mortgage.

In January 2017, Nationstar assigned the mortgage to MTGLQ. The MTGLQ assignment identifies both M.L. and Mary as a "borrower" in the section listing the identifying aspects of the mortgage. In May 2017, MERS executed a first corrective assignment to Nationstar which removed any reference to Mary being a signatory on the promissory note, but identified both Mary and M.L. as "borrowers" as described in the mortgage. Then, in September 2017, MERS executed a second corrective assignment which identified Mary and M.L. as "mortgagors" and removed the

---

case concerning Mary's libel claim (Docket No. 350796), are referred to collectively as "the Hargrows" where appropriate.

[2] MTGLQ Investors, LP (hereinafter, "MTGLQ"), plaintiff and counter-defendant in the judicial foreclosure proceeding and defendant in the case concerning Mary's libel claim, Mortgage Electronic Registration Systems, Inc. (hereinafter, "MERS"), defendant in the case concerning Mary's libel claim, and Nationstar Mortgage, LLC (hereinafter, "Nationstar"), defendant in the case concerning Mary's libel claim, are collectively referred to as "the mortgage entities" where appropriate.

term "borrowers" entirely. As with the assignment to MTGLQ, the corrective assignments do not mention any transfer of the promissory note.

The mortgage remained unsatisfied and MTGLQ sued the Hargrows, sought judicial foreclosure, and a release of lis pendens. In 2018, the Hargrows sued Nationstar and MERS alleging, among other things, numerous claims including abuse of process, injurious falsehood, breach of consent order, breach of contract, trespass, interference with insurance policy, tortious interference with a business relationship, promissory estoppel, declaratory and injunctive relief, and a claim by Mary for libel. The two cases were consolidated and the mortgage entities moved for summary disposition which the trial court granted on all allegations but Mary's libel claim. The trial court further granted declaratory relief in the form of an order stating that Mary did not have any obligation under the promissory note. The trial court also granted foreclosure and separated the foreclosure proceeding from the libel suit.

MTGLQ filed a proposed order in the judicial foreclosure matter, but the Hargrows objected to it, raising for the first time the issue of dower, stating that, once Michigan abolished dower, Mary had no remaining interest in the mortgage such that the foreclosure order should not reference her. MTGLQ countered that, at the time Mary signed the mortgage, Michigan had not yet abolished dower. The court eventually ruled that Mary did not owe anything, but that she still had dower rights because she had such rights before the statutory amendment regarding dower became effective. Eventually, the trial court entered an order of judicial foreclosure which directed that the property be sold at public auction.

The Hargrows sought leave to appeal to this Court and argued (1) that the trial court's judicial foreclosure as to Mary was unnecessary and moot because MCL 558.30(1) abolished her dower right in the property after April 6, 2017, (2) that the strict foreclosure ordered by the trial court is inequitable because they cannot redeem the property, and (3) that they are entitled to a court hearing to confirm the foreclosure sale. We denied leave "for lack of merit in the grounds presented." *MTGLQ Investors LP v M L Hargrow Jr*, unpublished order of the Court of Appeals, issued July 25, 2019 (Docket No. 347727).

In the trial court, MTGLQ, MERS, and Nationstar each moved for summary disposition on Mary's remaining libel claim pursuant to MCR 2.116(C)(7) (claim barred as a matter of law), (C)(8) (failure to state a claim on which relief can be granted), and (C)(10) (no genuine issue of material fact), and the trial court granted the motions. During a hearing on the matter, the trial court stated that the settlement agreement did not release any cause of action that had not arisen at the time Mary signed it. However, the trial court concluded, the settlement agreement did not enjoin MTGLQ, MERS, and Nationstar from referring to Mary as a borrower in the future, and because Mary signed the mortgage as a borrower, the references in the assignments to her status as a "borrower" on the mortgage were true, and thus, MTGLQ, MERS, and Nationstar had an absolute defense to Mary's libel claim. The trial court also concluded that Mary failed to identify any injury that she suffered as a result of the assignments listing her status as a "borrower" on the mortgage. This appeal followed.

## II. ANALYSIS

The Hargrows first challenge the trial court's order of judicial foreclosure on the same grounds that were raised in their application for leave which we denied on based on the merits of the grounds presented. *MTGLQ Investors LP v M L Hargrow Jr*, unpublished order of the Court of Appeals, issued July 25, 2019 (Docket No. 347727). Accordingly, under the law of the case doctrine, we will not address the merits of those same issues raised again in this subsequent appeal by right. *Pioneer State Mutual Ins Co v Michalek*, 330 Mich App 138, 145; 946 NW2d 812 (2019).

Next, Mary Hargrow challenges the trial court's order granting summary disposition on her libel claim in favor of the mortgage entities. We review de novo the trial court's decision to grant or deny summary disposition, *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Although the trial court did not specifically state under which grounds it was granting summary disposition, it appears that summary disposition was granted pursuant to subrule MCR 2.116(C)(10) (no genuine issue of material fact). "With respect to MCR 2.116(C)(10), summary disposition may be granted if the evidence shows that there is no genuine issue in respect to any material fact, and the moving party is entitled to judgment as a matter of law." *Genesis Ctr, PLC v Fin & Ins Services Com'r*, 246 Mich App 531, 540; 633 NW2d 834 (2001) (internal quotation marks and citations omitted).

To set forth a claim of defamation, a plaintiff must demonstrate "(1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication." *Mitan v Campbell*, 474 Mich 21, 24; 706 NW2d 420 (2005). Similarly, MCL 600.2911 provides a cause of action for libel which is "a statement of and concerning the plaintiff which is false in some material respect and is communicated to a third person by written or printed words and has a tendency to harm the plaintiff's reputation." *Fisher v Detroit Free Press, Inc*, 158 Mich App 409, 413; 404 NW2d 765 (1987). However, this Court has stated that under MCL 600.2911(7), "if the publication of the defamatory falsehood is negligent, a private plaintiff must prove economic damages but cannot recover for injuries to feelings. Under subsection 2(a), however, if a private plaintiff proves actual malice, the plaintiff is entitled to, among other things, actual damages to reputation or feelings." *Glazer v Lamkin*, 201 Mich App 432, 437; 506 NW2d 570 (1993).

"To avoid liability, it is not necessary for defendants to prove that a publication is literally and absolutely accurate in every minute detail." *Collins v Detroit Free Press, Inc*, 245 Mich App 27, 33; 627 NW2d 5 (2001) (internal quotation marks and citation omitted). "Rather, substantial truth is an absolute defense to a defamation claim." *Id.* "[F]or purposes of establishing a prima facie case of defamation, a statement is not considered false unless it would have a different effect on the mind of the reader from that which the pleaded truth would have produced. *Id.* (internal quotation marks and citation omitted).

Here, the trial court correctly concluded that the statements made in the offending assignments were substantially true in light of Mary's self-identification as a "borrower" on the mortgage. The assignments in no way indicate that Mary owes any obligation to pay on the promissory note. Rather, Mary takes issue with the term "borrower" insofar as it implies to an average person that she owes a debt. This supposition is mere speculation. Mary presented no actual evidence that such an interpretation occurred, let alone that it caused her a compensable

injury. Her evidence pertains to applications for financing and lines of credit where she dealt with entities skilled in the art of lending, as opposed to an average person who might be unfamiliar with the difference between a promissory note, which is a debt instrument, and a mortgage, which is a security instrument that encumbers real property. Moreover, the manner in which an average person might interpret the term "borrower" does not render the statements in the assignments untrue. The assignments identify Mary as a "borrower" on the mortgage, not the promissory note, and it is undisputed that Mary signed the mortgage as a "borrower."

Additionally, the trial court correctly concluded that Mary failed to provide any evidence of injury. In her deposition testimony, she indicated her "borrower" status showed up on an information search performed by Quicken Loans. However, Mary admitted that the search performed by Quicken Loans occurred in December 2014, well before the assignments in this case were executed and recorded. Mary submitted letters indicating that she had been denied a line of credit and an organization she worked for was denied a grant. However, these documents indicate that the denials were prompted by her involvement in the judicial foreclosure and "adverse business credit report information," rather than from the assignments at issue. Additionally, she testified in her deposition that the assignments did not appear on her credit report.

To the extent that she argues evidence of economic injury is not required to support her claim of libel per se, her arguments are unpersuasive. Libel per se exists where the words written are false and malicious and are injurious to a person in that person's profession or employment. *Glazer*, 201 Mich App at 438. Mary's only evidence of harm to her profession is her testimony that a decline in her real estate business in October 2017 was attributable to the offending assignments according to her "business feeling" and "business sixth sense." Again, this is pure conjecture. "A conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference." *Libralter Plastics, Inc v Chubb Group of Ins Companies*, 199 Mich App 482, 486; 502 NW2d 742 (1993). "[P]arties opposing a motion for summary disposition must present more than conjecture and speculation to meet their burden of providing evidentiary proof establishing a genuine issue of material fact." *Id.* Thus, the trial court properly concluded that summary disposition was appropriate in this case.

III. CONCLUSION

The Hargrows are barred by the law of the case doctrine from raising the same claims of error related to the judicial foreclosure that we resolved when we denied their application for leave to appeal. Additionally, the trial court properly concluded that MTGLQ, MERS, and Nationstar were entitled to summary disposition on Mary Hargrow's libel claim. Accordingly, we affirm.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael J. Riordan

-5-