*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANGELA DAVIS,

        Plaintiff-Appellant,

v

DONVAUGHN R. HOLLAND, DANIELLE N. HOLLAND, DARIUS WILLIAMS, and NATALIE E. WHITTINGHAM-BURRELL,

        Defendants-Appellees.

UNPUBLISHED
January 17, 2025
1:21 PM

No. 369140
Macomb Circuit Court
LC No. 2023-000575-CZ

Before: RIORDAN, P.J., and O'BRIEN and GARRETT, JJ.

PER CURIAM.

Plaintiff, Angela Davis, asks us to reverse the trial court's order awarding attorney fees to defendants, Donvaughn and Danielle Holland.[1] We hold that the trial court did not err and, therefore, we affirm.

## I. BACKGROUND

Davis brought this action against defendants, including the Hollands, Darius Williams, and Natalie Whittingham-Burrell, for statements about her and her brand identity as a social media influencer.[2] In July 2021, various news outlets published interviews with Davis and, according to Davis, Williams then shared her personal information on social media and encouraged people to direct harmful, threatening, and demeaning messages and comments to her. In February 2022,

---

[1] This Court struck other issues Davis raised on appeal because they were untimely and outside this Court's jurisdiction. *Davis v Holland*, unpublished order of the Court of Appeals, entered August 29, 2024 (Docket No. 369140).

[2] The trial court granted summary disposition to Williams and Whittingham-Burrell under MCR 2.116(C)(1) for lack of jurisdiction. The court also granted summary disposition to Whittingham-Burrell under MCR 2.116(C)(8) for failure to state a claim on which relief would be granted. This Court struck Davis's issues on appeal related to Whittingham-Burrell in the order cited.

Williams threatened to share Danielle Holland's personal information on social media. On February 19, 2022, Davis and the Hollands conducted a livestream on Instagram to discuss their encounters with Williams. Donvaughn Holland also talked to Davis about a fundraising idea, but Davis declined to participate. Davis alleged that, thereafter, the Hollands made harmful and threatening remarks about her on social media.

Davis's complaint included claims that all defendants were liable for defamation, intentional infliction of emotional distress (IIED), tortious interference, and false light, and that Williams was also liable for tortious intrusion and tortious publication. The Hollands moved for summary disposition under MCR 2.116(C)(10), which the trial court granted. The trial court ruled that Davis did not present evidence that the Hollands presented her in a false light and she did not dispute that she was a public figure. The trial court further ruled that the Hollands' posts on social media were not defamatory, but merely "immature name-calling and matters of opinion" involving comments by other people. The trial court stated Davis did not show how the Hollands' statements caused severe emotional distress to support her IIED claim or that the Hollands intended to interfere with Davis's business relationship or expectancy for her tortious interference claim.

The Hollands moved for sanctions, including attorney fees, under MCL 600.2591(3)(a)(*ii*) and (*iii*), and MCR 1.109(E)(5)(b) and (c), contending that Davis's claims were frivolous. In response, Davis asked the trial court to award her sanctions under MCR 2.114(D). The trial court held a hearing and concluded that Davis's case was devoid of legal merit. According to the trial court, the social media platforms at issue allowed people to "express their opinions, whether good[,] bad[,] or indifferent, but that does not expose everybody who makes a comment or gives an opinion to litigation." The trial court found that the Hollands incurred expenses to defend claims that were not actionable. The trial court ruled that the Hollands' attorney charged a reasonable hourly rate of $300 and it awarded attorney fees totaling $7,997. The trial court then denied Davis's motion for reconsideration, and this appeal followed.

## II. SANCTIONS AND ATTORNEY FEES

Davis argues that the trial court clearly erred by granting the Hollands' motion for sanctions and awarding attorney fees. We disagree.

## A. STANDARDS OF REVIEW

As this Court explained in *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 319, ___ NW3d ___ (2023):

> This Court reviews for clear error a trial court's finding that a civil action was frivolous. A finding is clearly erroneous when this Court is left with the definite and firm conviction that the trial court has made a mistake. To the extent that the trial court had discretion to order a sanction, this Court reviews the trial court's exercise of discretion for abuse. A trial court abuses its discretion when its decision falls outside the range of reasonable outcomes. [*Id.* (quotation marks and citations omitted).]

"A trial court's decision that an evidentiary hearing is not warranted is reviewed for an abuse of discretion." *Kernen v Homestead Dev Co*, 252 Mich App 689, 691; 653 NW2d 634 (2002).

## B. LEGAL PRINCIPLES

If a trial court finds that a civil action is frivolous, "the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney." MCL 600.2591(1). Such costs and fees include "all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees." MCL 600.2591(2). A prevailing party is "a party who wins on the entire record." MCL 600.2591(3)(b). MCL 600.2591(3)(a) states:

(3) As used in this section:

(a) "Frivolous" means that at least 1 of the following conditions is met:

(*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

(*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(*iii*) The party's legal position was devoid of arguable legal merit.

MCR 1.109(E)(5) is "[a] similar rule" and "governs the filing of frivolous documents." *Tolas Oil & Gas Exploration Co*, 347 Mich App at 320.

When a party or lawyer signs a document filed with the court, the party's signature constitutes certification that "he or she has read the document," that, "to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document [was] well grounded in fact and [was] warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law," and that the "document [was] not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." [*Id*., quoting MCR 1.109(E)(5).]

MCR 1.109(E)(6) governs sanctions for violation of this court rule and states:

If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages. [MCR 1.109(E)(6).]

Further:

> Whether a claim was frivolous must be determined using an objective standard considering the circumstances concerning the claim at the time it was asserted. Moreover, not every error in legal analysis constitutes a frivolous position. If the trial court goes beyond assessing the merits of a legal position, such as when a trial court finds that an action was brought for an improper purpose, this Court must defer to the trial court's superior position to judge the parties and the evidence. A trial court must articulate a sufficiently clear basis for its decision to allow this Court to review the finding for clear error. [*Tolas Oil & Gas Exploration Co*, 347 Mich App at 321 (quotation marks and citations omitted).]

With regard to the trial court's finding that Davis's claim lacked legal merit, the trial court considered her claim of defamation, which requires proof of the following elements:

> (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication. [*Mitan v Campbell*, 474 Mich 21, 24; 706 NW2d 420 (2005).]

A plaintiff "who is a public official may only prevail in a defamation action if he or she establishes that the alleged defamatory statements were made with actual malice." *Smith v Anonymous Joint Enterprise*, 487 Mich 102, 114; 793 NW2d 533 (2010) (quotation marks and citation omitted). "Actual malice exists when the defendant knowingly makes a false statement or makes a false statement in reckless disregard of the truth." *Id*. (quotation marks and citation omitted). "If a statement of opinion is about a matter of public concern, it is protected speech under the First Amendment, unless it can be objectively proven to be false." *Id*. at 128.

> "To establish a prima facie claim of intentional infliction of emotional distress, the plaintiff must present evidence of (1) the defendant's extreme and outrageous conduct, (2) the defendant's intent or recklessness, (3) causation, and (4) the severe emotional distress of the plaintiff. Liability for the intentional infliction of emotional distress has been found only where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Accordingly, [l]iability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." [*Lucas v Awaad*, 299 Mich App 345, 359; 830 NW2d 141 (2013) (quotation marks and citations omitted).]

Further:

> The elements of tortious interference with a business relationship are the existence of a valid business relationship or expectancy, knowledge of the relationship or expectancy on the part of the defendant, an intentional interference by the defendant inducing or causing a breach or termination of the relationship or

expectancy, and resultant damage to the plaintiff. [*Dalley v Dykema Gossett, PLLC*, 287 Mich App 296, 323; 788 NW2d 679 (2010) (quotation marks and citations omitted).]

To establish a claim of false light, "a plaintiff must show that the defendant broadcast to the public in general, or to a large number of people, information that was unreasonable and highly objectionable by attributing to the plaintiff characteristics, conduct, or beliefs that were false and placed the plaintiff in a false position." *Puetz v Spectrum Health Hosps & Kevin Splaine*, 324 Mich App 51, 69; 919 NW2d 439 (2018) (quotation marks and citation omitted). "Further, the defendant must have known of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed." *Id*. (quotation marks and citation omitted).

## C. DISCUSSION

As stated, the Hollands prevailed on all legal issues in the trial court, and moved for sanctions under MCL 600.2591 and MCR 1.109(E)(5)(b) and (c). The trial court appears to have granted the motion for sanctions under MCL 600.2591(3)(a)(*ii*) and (*iii*), because it stated that Davis's claims lacked any legal merit and that social media comments and opinions do not give rise to legal claims. The trial court did not specifically cite MCR 1.109(E)(5) in its award of sanctions, but did conclude consistently with the court rule that Davis did not have a reasonable basis to believe that the facts or law supported her claims.

From the outset, the Hollands maintained that Davis's claims lacked factual and legal merit. The trial court agreed that statements the Hollands made were not legally actionable and the record supports that Davis, as a public figure, had no reasonable basis to believe that the statements were defamatory. Davis and the Hollands presented evidence of posts that they and others made on social media. In some posts, the Hollands confronted Davis and expressed dissatisfaction with her, which included name-calling. In one post, "Mrs. Holland" stated, "Be a real woman and get off the internet and call me or pull up !!!" Although there was animosity between Davis and the Hollands, the record does not show that the Hollands' statements were anything more than the expression of opinion. Further, the posts do not support that Davis had a reasonable basis to believe the statements caused (1) severe emotional distress, (2) tortious interference with any business relationship or expectancy, or (3) placed Davis in a false light. The trial court, after conducting the proceedings and reviewing the evidence, also did not conclude that there was any legal basis for Davis's claims. Davis's claims were devoid of arguable legal merit and the trial court did not clearly err by granting the Hollands' motion for sanctions.

## III. REASONABLENESS OF ATTORNEY FEE

Davis also contends that the trial court erred when it failed to analyze the reasonableness of the attorney fees through an evidentiary hearing. We disagree.

The trial court found that Davis's claims against the Hollands were frivolous, and that this entitled the Hollands to seek costs and reasonable attorney fees under MCL 600.2591(2). As our Supreme Court explained in *Smith v Khouri*, 481 Mich 519, 532; 751 NW2d 472 (2008):

The fee applicant must submit detailed billing records, which the court must examine and opposing parties may contest for reasonableness. The fee applicant bears the burden of supporting its claimed hours with evidentiary support. If a factual dispute exists over the reasonableness of the hours billed or hourly rate claimed by the fee applicant, the party opposing the fee request is entitled to an evidentiary hearing to challenge the applicant's evidence and to present any countervailing evidence.

"[A] trial court should begin its analysis by determining the fee customarily charged in the locality for similar legal services[.]" *Id.* at 530. "In determining this number, the court should use reliable surveys or other credible evidence of the legal market. This number should be multiplied by the reasonable number of hours expended in the case[.]" *Id.* at 530-531. A trial court may "consider the State Bar of Michigan Economics of Law Practice Survey when evaluating the reasonableness of . . . attorney fees." *Vittiglio v Vittiglio*, 297 Mich App 391, 409; 824 NW2d 591 (2012).

Notably absent from Davis's response to the Hollands' motion for sanctions was any challenge to the reasonableness of the amount of attorney fees they requested. When Davis raised the issue of reasonableness in her motion for reconsideration, this was insufficient to preserve the issue, *In re Estate of Schroeder*, 335 Mich App 107, 119; 966 NW2d 209 (2020), but, even then, she offered no argument about how or why the fees awarded by the trial court were unreasonable. Because Davis did not challenge the rate or number of hours billed by the Hollands' attorney, she did not raise a factual dispute that would entitle her to an evidentiary hearing. See *Khouri*, 481 Mich at 532. Accordingly, the trial court did not abuse its discretion by failing to conduct an evidentiary hearing on the amount of attorney fees awarded. Further, the Hollands provided the trial court with evidence to decide the motion, including the State Bar of Michigan's "2023 Economics of Law Survey Results" to support their contention that their attorney's hourly rate was reasonable, as well as a detailed list itemizing their attorney's time and labor on the case. Moreover, the trial court specifically stated the Hollands' attorney's hourly rate of $300 was reasonable.

Affirmed.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Kristina Robinson Garrett